**Charles Voight SHEPARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13445.**

United States Court of Appeals Sixth Circuit.

June 19, 1958.

**294**

Charles Voight Shepard, pro se.

Marvin D. Jones, Asst. U. S. Atty., Lexington, Ky. (Henry J. Cook, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This is an appeal from the district court's denial without a hearing of Shepard's motion under 28 U.S.C. § 2255, to vacate or correct prison sentences totalling fifteen years. The sentences were imposed upon the appellant's plea of guilty to a seven-count information charging conspiracy to violate the counterfeiting laws and six substantive violations of those laws, 18 U.S.C. § 472. A sentence of five years was imposed on the conspiracy count, and ten-year sentences were imposed on each of the substantive counts, the latter to run concurrently with each other, but consecutively with the five-year conspiracy sentence.

There is no question but that the sentences were within permissible statutory limits, 18 U.S.C. § 371; 18 U.S.C. § 472; Pinkerton v. United States, 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. The appellant's real grievance inheres in his claim that he was only one of numerous members of a counterfeiting ring, that most of the others, including the ringleaders, were tried and convicted in another district, and that they received sentences ranging from one year to six and one-half years. Upon these grounds the appellant asks this court, "in line with its history of fair play and justice for all," to direct that the district court conduct a hearing to determine if the appellant's contentions are true, and, if true, "to reduce the sentence so as to be in conformity with the sentences imposed against the principal and co-defendants involved in this matter."

■■ Assuming the complete truth of the appellant's allegations, the district court was not in error in denying the motion without a hearing. There is no allegation that the sentences imposed upon the appellant, considered alone, were infected with any lack of due process. Cf. Smith v. United States, 5 Cir., 1955, 223 F.2d 750, 754. Being within allowable statutory limits, the sentences would not be subject to review by this court even on direct appeal from a judgment of conviction. United States v. Rosenberg, 2 Cir., 195 F.2d 583, 603–609, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, rehearing denied 1952, 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 687; Jolly v. United States, 6 Cir., 229 F.2d 180, certiorari denied 1956, 351 U.S. 963, 76 S.Ct. 1024, 100 L.Ed. 1483.

Every year numerous appeals come before this court which accentuate a seriously urgent problem—the disparity of sentences in federal criminal cases. The present appeal is illustrative. Justice is measured in many ways, but to a convicted criminal its surest measure lies in the fairness of the sentence he receives. Whether a sentence is fair cannot, of course, be gauged simply by comparing it with the punishment imposed upon others for similar offenses. But that test, though imperfect, is hardly irrelevant. It is an anomaly that a judicial system which has developed so scrupulous a concern for the protection of a criminal defendant throughout every other stage of the proceedings against him should have so neglected this most important dimension of fundamental justice.

The order of the district court is affirmed.