Hugh Wilson **STEELE**, Petitioner,

v.

William K. **THOMAS**, United States District Judge, Respondent.

No. 73–8168.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 1973.

Hugh Wilson Steele, pro se.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for respondent.

Before McCREE, MILLER and LIVELY, Circuit Judges.

PER CURIAM.

We consider a petition for a writ of mandamus against respondent, a United States District Judge, who sentenced petitioner to a term of eleven years pursuant to 18 U.S.C. § 4208(a)(2) on April 17, 1970, after his conviction by a jury of the crime of armed robbery, 18 U.S.C. § 2113(a) and (d).

Petitioner contends that respondent took into consideration in determining his sentence Ohio convictions of three counts of perjury and two counts of witness tampering. It is undisputed that the presentence report containing this information was erroneous because ten years before its preparation, the Ohio Court of Appeals had reversed the convictions for perjury, although it had affirmed the witness tampering convictions.

Petitioner wrote to respondent on July 1, 1973 to request relief and respondent appropriately regarded the letter as a motion under 28 U.S.C. § 2255 to vacate sentence. Thereupon, respondent caused a letter to be written to the United States Parole Board to advise it of the erroneous attribution of the three perjury convictions to petitioner. Then, in an order dated September 7, 1973, respondent denied any other relief, concluding "that the petitioner has not been placed in 'double jeopardy', nor has any other constitutional right been violated."

Instead of appealing from that order, Steele filed this petition requesting the court of appeals to compel the district court to vacate the sentence because it had been unlawfully enhanced by consideration of convictions that had been set aside. The district court, in its response to the petition for mandamus, asserts that mandamus will not lie to reverse his order denying the petition for post-conviction relief. We agree.

Although invalid convictions may not be used to enhance a sentence, Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *see also*, Kelley v. United States, 487 F.2d 898 (6th Cir. 1973), we cannot determine from the record before us that consideration was given by the district court to the perjury convictions when he pronounced the sentence. We make this observation to demonstrate that petitioner asks us to do more than merely to compel a ministerial act, and it is settled that mandamus may not be used as a substitute for appeal. Albert v. United States District Court for W. D. of Michigan, 283 F.2d 61 (6th Cir. 1960); Zerilli, et al. v.

**606**

Thornton, District Judge, 428 F.2d 741 (6th Cir. 1970).

■ Since the petition was filed more than thirty days after entry of the order sought to be reviewed, we cannot treat it as a notice of appeal. We observe however, that the doctrine of res judicata does not strictly apply to applications for post-conviction relief.

Dismissed.