**Jimmy B. REYNOLDS,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 75–1830.**

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 12, 1975.

Decided Jan. 9, 1976.

Jimmy B. Reynolds, pro se.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, and MILLER and ENGEL, Circuit Judges.

PER CURIAM.

James Reynolds appeals from the denial of his 28 U.S.C. § 2255 motion to vacate sentence. He was convicted of robbing a bank by force, placing the lives of the employees of the bank in danger with a handgun, and received a prison sentence of eighteen years. The details of the robbery are set forth in the opinion of this court affirming the conviction, announced by Judge Weick, in *United States v. Reynolds*, 496 F.2d 158 (6th Cir. 1974).

Two other persons were involved in the robbery. Paul Reynolds, the seventeen year old brother of petitioner, was sentenced to imprisonment for a period not to exceed his minority. Jimmy Lee Williams, who entered a plea of guilty

and testified as a key government witness at the trial of petitioner, was sentenced to imprisonment of ten years.

■ Petitioner contends that his sentence should be vacated because the District Judge used two prior convictions to enhance his punishment, and that these prior convictions were invalid because he was denied the right to counsel, relying on *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Kelley v. United States,* 487 F.2d 898 (6th Cir. 1973), and *Steele v. Thomas,* 488 F.2d 604 (6th Cir. 1973). These cases are authority for the well settled principle that invalid prior convictions cannot be used to enhance a sentence. *See also, United States v. Finchum,* 519 F.2d 1 (6th Cir. 1975).

■ The record demonstrates that at the time of sentencing the District Judge did not make any mention of petitioner's prior convictions. In his memorandum opinion denying the motion to vacate sentence, District Judge Robert B. Krupansky stated that, in sentencing petitioner to a term of eighteen years, the court did not give particular attention to petitioner's prior convictions; he added that even assuming that the prior convictions had been considered, and that both of said sentences were unconstitutionally invalid in fact, the eighteen year sentence nevertheless is an appropriate sentence. *See, Brown v. United States,* 483 F.2d 116 (4th Cir. 1973); *Lipscomb v. Clark,* 468 F.2d 1321 (5th Cir. 1972). The memorandum opinion of Judge Krupansky is made an appendix hereto. We believe that this represents the appropriate procedure to be followed by a District Court when a *Tucker* violation is alleged.

■ The eighteen year sentence was below the statutory maximum sentence of twenty-five years or a fine of $10,000, or both. 18 U.S.C. § 2113(d). Reference is made to the opinion of this court reported at 496 F.2d 158, *supra,* for the details of petitioner's participation in the robbery in question. We conclude that the District Court did not commit reversible error in denying the motion to vacate sentence.

■ Petitioner complains that his sentence is in excess of the sentences imposed upon his two accomplices. This was a matter for determination by the District Court.

Affirmed.

THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CIVIL ACTION NO. C75–330

JAMES REYNOLDS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Defendant.

## ORDER

KRUPANSKY, District Judge.

This is a proceeding to vacate sentence instituted pursuant to 28 U.S.C. § 2255.

Petitioner was convicted by a jury on January 11, 1973, pursuant to an Indictment charging him with robbery, by force, violence and intimidation of a federally insured bank, and placing in jeopardy the lives of employees of said bank with a handgun, in violation of 18 U.S.C. § 2113(a) and (d). Said conviction was subsequently affirmed by the Sixth Circuit Court of Appeals in the case of *United States v. Reynolds,* 496 F.2d 158 (6th Cir. 1974).

Petitioner was sentenced to a term of eighteen years and is presently in custody at the United States Penitentiary, Atlanta, Georgia.

Petitioner seeks collateral relief asserting that in determining sentence this Court considered two prior convictions of petitioner: a 1960 Ohio state conviction for armed robbery, and a 1965 conviction in the United States District Court for the Southern District of Ohio for theft from interstate commerce. Petitioner seeks to establish herein that he was denied his Sixth Amendment right to counsel in each of the two prior cases and is therefore entitled to relief pursuant to the pronouncements of *Tucker v. United*

*States,* 404 U.S. 443, 92 S.Ct. 589 (1972), namely, that a conviction obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792 (1967) may not be used L.Ed.2d 799 (1967) may not be used against a person to enhance punishment for another offense.

Prior to considering petitioner's claim, the Court notes that petitioner need not exhaust remedies in the various courts of original conviction prior to seeking the relief requested herein. *Mitchell v. United States,* 482 F.2d 289 (5th Cir. 1973).

In an action of this nature, the procedure to be employed by the District Court was outlined in the case of *Lipscomb v. Clark,* 468 F.2d 1321 (5th Cir. 1972):

. . . we feel that the following procedures by the district court would be appropriate. First, the district court should review the records involved in this conviction and determine if, treating the state convictions alleged to have been unconstitutional as void and this not to be considered in sentencing, the . . . sentence would still be the appropriate sentence based on the records of the trial . . . . If the district court finds that [the sentence] would still be appropriate, an order so setting forth would seem sufficient to comply with the requirements of *Tucker.* If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the maximum sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional due to *Gideon.* If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence. Such a procedure seems best designed to fully protect petitioner's rights. 468 F.2d at 1323.

*See also, Brown v. United States,* 483 F.2d 116 (4th Cir. 1973), adopting the foregoing procedure.

The Court has reviewed the record herein in conformity with the foregoing guidelines, and upon consideration, finds:

1. Petitioner was convicted by a jury on January 11, 1973, of the offense of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and thereafter sentenced to a term of eighteen years.

2. The maximum allowable penalty which this Court could have imposed was a fine of $10,000 or 25 years imprisonment, or both. 18 U.S.C. § 2113(d).

3. In sentencing petitioner to a term of eighteen years, the Court did not give particular attention to petitioner's prior convictions.

4. Considering the nature of defendant's criminal activity including the use of deadly weapons, his participation in its perpetration and conduct during and subsequent to its execution, and disregarding any consideration of petitioner's prior criminal activity, the Court concludes that the eighteen year sentence imposed herein was fair, just and equitable and fully supported by the record. The said sentence is hereby reaffirmed.

In accordance with the foregoing, the Court finds:

1. Assuming that the petitioner's prior convictions challenged herein as unconstitutionally invalid are, in fact, invalid, the sentence previously imposed is, nevertheless, an appropriate sentence.

2. Petitioner's motion to proceed *in forma pauperis* is granted.

3. Pursuant to the foregoing, an evidentiary hearing is unnecessary and petitioner's Complaint is hereby dismissed.

It is so ordered.

EXCERPTS FROM TRANSCRIPT

THE COURT: James Reynolds.

THE DEFENDANT: Yes, Sir.

THE COURT: I see that you are represented by counsel.

THE DEFENDANT: Yes, sir.

THE COURT: Counsel, Mr. Reynolds, is there anything that you are desirous of saying before the Court imposes sentence in this matter?

THE DEFENDANT: Are you speaking to me, sir?

THE COURT: Yes.

THE DEFENDANT: Yes. Well, I just hope all consideration is given to me—

THE COURT: I am sorry.

THE DEFENDANT: I says I hope all consideration is given to me. It's known that I do have a family, and thank you.

THE COURT: Mr. Moses?

MR. MOSES: Yes, I would like to just briefly talk about Jimmie. I realize its pretty cut and dried, but Jimmie is a product of something in this country that I don't know where it came from. I do know it is dying out, and I do think if Jimmie goes to the right place and is given the right opportunity he does have a future, he has got some future left and we hope you consider that.

THE COURT: Thank you very much, Mr. Moses.

It is adjudged that the defendant is guilty as charged and convicted.

It is adjudged that the defendant is hereby committed to the custody of the attorney general or his authorized representative for imprisonment for a period of 18 years.

Is there anything further, gentlemen?

THE DEFENDANT: Yes. I would like to ask one favor of the Court, that while I be waiting to see which institution I will be going to, is it any way possible I could be sent back to Columbus, Ohio County Jail so that I could have a visit with my people?

THE COURT: Mr. Reynolds, the Court has no jurisdiction over that.

However, I will instruct the marshal's office to do whatever can be done within the structure of their organization to comply, with your request.

You understand, Mr. Reynolds and Mr. Moses, that you have a right to appeal the verdict of the jury and the sentence of this Court to the 6th Circuit Court of Appeals. In the event that you cannot afford such an appeal, there are provisions for the appointment of counsel and for the availability of funds to perfect that appeal.

There being nothing further, gentlemen, the Court will adjourn.

(Thereupon court adjourned.)