**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary D. RUSTER, Defendant-Appellant.**

**No. 82–1477.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1983.

Decided Aug. 2, 1983.

---

Robert Dondero, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

J. Frank McCabe, San Francisco, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, and DUNIWAY and ALARCON, Circuit Judges.

DUNIWAY, Circuit Judge:

Ruster appeals from his conviction on six counts charging filing applications for Supplemental Security Income under false and fraudulent names and social security numbers, in violation of 18 U.S.C. § 287. At trial, he did not dispute the government's allegation that he had fraudulently collected a total of $134,590 in disability payments, but claimed insanity. He was fined $60,000 and sentenced to three consecutive five-year prison terms and five years probation.

## I. *Dismissal of Indictment.*

█ Ruster appeals from the denial of his motion to dismiss the indictment on the ground that he should not have been prosecuted under 18 U.S.C. § 287, but under 42 U.S.C. § 408.

Title 18, Section 287, the general false claims statute, states:

> Whoever makes or presents to any person or officer in the civil . . . service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Title 42, Section 408, provided during the relevant time period that:

> Whoever—
>
> \*　\*　\*　\*　\*　\*
>
> (b) makes . . . any false statement . . . of a material fact in any application for any payment or for a disability determination . . .; or
>
> (c) . . . makes . . . any false statement . . . of a material fact for use in determining rights to payment under this subchapter; or
>
> \*　\*　\*　\*　\*　\*
>
> (f) . . . with intent to deceive the Secretary as to his true identity . . . furnishes . . . false information to the Secretary with respect to [the social security program] or;
>
> (g) for the purpose of causing an increase in any payment authorized under this subchapter . . . or for the purpose of causing a payment . . . to be made when no payment is authorized thereunder, or for the purpose of obtaining . . . any payment . . . to which he . . . is not entitled . . .—
>
> (1) . . . with intent to deceive, uses a social security account number, assigned by the Secretary . . . on the basis of false information furnished to the Secretary by him . . .; or
>
> (2) with intent to deceive, falsely represents a number to be the social security account number assigned by the Secretary to him . . .;
>
> shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

Ruster prefers the lesser penalty of § 408.

We do not infer from the enactment of a specific statute that Congress intended to preempt, supersede, or impliedly repeal a more general statute that proscribes the same conduct. *United States v. Mackie,* 9 Cir., 1982, 681 F.2d 1121, 1122–1123. As we said in *United States v. Jones,* 9 Cir., 1979, 607 F.2d 269:

> The rule we apply is straightforward: "where an act violates more than one statute, the Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute.

p. 271. We find nothing in the congressional history indicating that the Congress intended to disallow the use of § 287, the more general statute. *See also United States v. Gilliland,* 1941, 312 U.S. 86, 95–96, 61 S.Ct. 518, 523, 85 L.Ed. 598; *Edgington v. United States,* 1896, 164 U.S. 361, 362–363, 17 S.Ct. 72, 41 L.Ed. 467; *Cohen v. United States,* 9 Cir., 1953, 201 F.2d 386, 392–393. *Kniess v. United States,* 9 Cir., 1969, 413 F.2d 752, cited by Ruster, does not require a different result, for the reasons stated in *Jones.*

## II. *Previous Similar Conduct.*

█ Ruster next argues that the trial judge erred in admitting in evidence references to several previous false claims and breakins in which he was involved. Government counsel referred to the previous incidents during cross-examination of Ruster's expert psychiatrist. Ruster argues that although the evidence may have been admissible under F.R.Evid. 404(b), its probative value was outweighed by its prejudice, F.R.Evid. 403.

This argument is meritless. Because of the manner in which the case was tried, the sole issue for the jury was whether Ruster was legally sane when he made the false claims for which he was charged. As the trial judge recognized, the previous similar criminal acts were relevant to the jury's evaluation of Ruster's expert's testimony as to his mental state during the later offenses. RT Vol. VII at 777–789.

"When insanity is presented as a defense, 'the trial judge should be free in his admission of all possibly relevant evidence.'" *United States v. Ives,* 9 Cir., 1979, 609 F.2d 930, 932, *quoting United States v. Hartfield,* 9 Cir., 1975, 513 F.2d 254, 260. The judge's consideration of the issue and explanation, in chambers, for his decision to admit the references to the earlier incidents demonstrate that, contrary to Ruster's contention, he properly exercised his discretion in the matter. We do not "require a mechanical recitation of Rule 403's formula on the record as a prerequisite to admitting evidence under Rule 404(b)." *United States v. Bradshaw,* 9 Cir., 1982, 690 F.2d 704, 709, *quoting United States v. Sangrey,* 9 Cir., 1978, 586 F.2d 1312, 1315. Neither, contrary to Ruster's argument, do we require in such a case as this, where there are numerous similar previous incidents, that the trial judge separately balance on the record the probative value against the prejudice that might arise from the mention of each individual incident.

### III. *Misinformation in Sentencing.*

Finally, Ruster argues that the trial judge relied on misinformation in sentencing him to three consecutive five-year prison terms.

The record shows that after comments by the prosecutor and the defendant at the sentencing hearing, the trial judge stated that he intended to imprison Ruster. Before handing down the sentences, he commented, "The only question is how much time is warranted under all the circumstances. In that regard, I'll do the best I can." RT Vol. XII at 1519. After the judge explained the sentences, amounting to a total of 15 years in prison, the following exchange took place:

> Court: Unless this period seemed to be impressively large, it actually amounts to about 48 months, doesn't it?

> Probation Officer: 48 to 60 months, your honor.

> Court: So that although the years seem extended, the actual time involved is limited.

RT Vol. XII at 1521.

In fact, 18 U.S.C. § 4205(a) provides that a prisoner sentenced to a term or terms of more than one year becomes eligible for parole only after serving a third of the duration of the term or terms. Thus, Ruster, sentenced to a total of 15 years imprisonment, will not be eligible for parole until he serves five years, or 60 months, in prison.

 When a trial judge relies on materially false or unreliable information in sentencing a defendant, the defendant's due process rights are violated. *United States v. Williams,* 9 Cir., 1982, 668 F.2d 1064, 1072. Under *Farrow v. United States,* 9 Cir., 1978, 580 F.2d 1339, 1359 (in banc), we will vacate a sentence on appeal only if the challenged information is both false or unreliable, and demonstrably made the basis for the sentence.

 The government argues here that because of the probation officer's "partial correction" of the judge's apparent misunderstanding of the parole rule, the information about the length of time Ruster would spend in prison was not materially false enough to require us to vacate the sentence. We disagree. The probation officer's response was that under the 15-year sentence, Ruster would have to remain in prison at least four to five years; not, as the law requires, a full five years. There is, of course, no guarantee that Ruster will be released on parole at the earliest possible date permitted by § 4205(a). Nevertheless, even the probation officer's "correction" allows for a difference of a full year from the judge's understanding of the effect of the sentence he was meting out. Over the

course of a sentence of this duration, a year is a material difference.

The government further argues, however, that there is no evidence that the judge demonstrably relied on the misinformation in sentencing Ruster. On the contrary, the judge's comments, quoted above, indicate that he did not intend Ruster's prison term to be as long as the three consecutive sentences may have appeared. He understood that the "actual time involved" could be as little as 48 months, and the fact that he took care to explain that understanding demonstrates that he relied on it in his sentencing.

We affirm Ruster's convictions. We vacate his sentence and remand for resentencing under F.R.Crim.P. 35.