755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JON HARRY PAPPAS, PLAINTIFF-APPELLANT,
v.
UNITED STATES OF AMERICA, DEFENDANT-APPELLEE.
 NO. 84-1403
 United States Court of Appeals, Sixth Circuit.
 1/25/85
 
 ORDER
 BEFORE: MERRITT and KENNEDY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order of March 21, 1984, denying his motion to vacate sentence brought under 28 U.S.C. Sec. 2255. Plaintiff also moves for appointment of counsel on appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff in his section 2255 motion claimed that his sentence violated the Eighth Amendment guarantee against cruel and unusual punishment, and the due process and equal protection clauses of the United States Constitution. The basis for this claim is that the sentence of a co-defendant, David Conrad, was reduced upon a motion to reduce sentence filed by Conrad under Rule 35 of the Federal Rules of Criminal Procedure. The district court denied plaintiff's section 2255 motion, without requiring service on the United States or holding an evidentiary hearing, on the grounds that plaintiff's culpability was greater than Conrad's, plaintiff's relationship with other co-defendants was different from Conrad's, and plaintiff's sentence had been affirmed on appeal. We find that the district court did not err in denying plaintiff's motion.
 
 
 3
 A federal prisoner's sentence may be modified or vacated under section 2255 if the sentence was imposed in violation of the Constitution or laws of the United States. See Davis v. United States, 417 U.S. 333 (1974). The mere fact that the plaintiff's sentence is greater than that of his co-defendant does not warrant relief under section 2255. Shepard v. United States, 257 F.2d 293 (6th Cir. 1958); see Reynolds v. United States, 528 F.2d 461 (6th Cir. 1976). Cf. United States v. Fields, 730 F.2d 460 (6th Cir. 1984) (Section 2255 motion may be available to challenge sentence on equal protection grounds).
 
 
 4
 The basis of plaintiff's section 2255 motion is that Conrad's § ntence was reduced, so his should also be reduced. Nothing is alleged in the motion to support the allegations that the sentence was cruel and unusual or imposed without due process. The equal protection claim is without merit because plaintiff and Conrad are not in the same position. Plaintiff was convicted on 132 counts while Conrad pleaded guilty to forty-one counts. Judge Miles, the judge who originally sentenced plaintiff and Conrad, stated in his opinion denying the motion that plaintiff was the more culpable party. The trial judge's recollection can be used in ruling on a motion to vacate. United States v. Polselli, ---- F2d ----, No. 83-1218 (6th Cit. October 22, 1984). Since plaintiff has not shown that his sentence was imposed in violation of the constitution, he is not entitled to relief under section 2255.
 
 
 5
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).