785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT A. KESSEL, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-3576
 United States Court of Appeals, Sixth Circuit.
 1/16/86
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and WELLFORD, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellee has filed a motion to dismiss the appeal on the basis that: 1) the grounds presented do not constitute the required basis for relief under 28 U.S.C. Sec. 2255; and/or 2) this Court lacks jurisdiction because Kessel is not incarcerated within the Northern District of Ohio. The appellee alleges that Kessel, an inmate at Terre Haute, Indiana, is attacking the execution of his sentence and that such claims can be heard only in the United States District Court having jurisdiction over his custodian in Terre Haute, Indiana. In addition, the appellee asks that the appeal be dismissed as frivolous. Appellant has responded to the motion.
 
 
 3
 A review of the petition indicates that petitioner is attacking the imposition/length of his sentence as provided by 28 U.S.C. Sec. 2255, not the execution of his sentence as provided by 28 U.S.C. Sec. 2241. The appellee's request to dismiss the appeal as frivolous is improper in that it is essentially a motion to affirm. The Sixth Circuit Rules do not provide for the filing of motions to affirm or the filing of motions to dismiss on other than jurisdictional grounds. The petition was properly filed in the United States District Court for the Northern District of Ohio since that was the district in which he was convicted.
 
 
 4
 Petitioner in his Sec. 2255 petition claimed that there was a disparity in his sentence compared to the sentences given to his co-defendants. The mere fact that the plaintiff's sentence is greater than that of his co-defendant does not warrant relief under Sec. 2255. Shepard v. United States, 257 F.2d 293 (6th Cir. 1958); see Reynolds v. United States, 528 F.2d 461 (6th Cir. 1976). Cf. United States v. Fields, 730 F.2d 460 (6th Cir. 1984) (Sec. 2255 motion may be available to challenge a sentence on equal protection grounds). A judge may examine a wide range of information in determining the sentence to be imposed. United States v. Orozca-Prada, 732 F.2d 1076, 1085 (2nd Cir.), cert. denied, ----U.S.----, 105 S.Ct. 154 (1984); United States v. Collins Spencer Catch the Bear, 727 F.2d 759, 761 (8th Cir. 1984); United States v. Ruster, 712 F.2d 409 (9th Cir. 1983). The sentence had been affirmed on appeal by this Court by unreported decision entered May 4, 1984. We find that the district court did not err in denying petitioner's petition.
 
 
 5
 It is ORDERED that the motion to dismiss be and hereby is denied.
 
 
 6
 It is further ORDERED that the judgment of the district court be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.