791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES RAYMOND KAJFASZ, Petitioner-Appellant,
v.
U.S.A., Respondent-Appellee.
 84-3909
 United States Court of Appeals, Sixth Circuit.
 4/17/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 This federal prisoner appeals from a district court judgment denying his motion to vacate his sentence of ten years imposed on his conviction entered on his plea of guilty to five counts of interstate transportation of counterfeit checks and transportation of a device used to counterfeit checks in violation of 18 U.S.C. Sec. 2314. Petitioner argues that the district court, when sentencing him, relied on materially false information regarding the government's estimated value of his fraud. The same district court judge who sentenced the petitioner ruled in this case that the information was not materially false, or relied upon by him, and any error was waived by the petitioner's failure to object to the sentencing memorandum. Concluding that these reasons are proper and supported by the record, we affirm.
 
 
 2
 Petitioner failed to even facially show that the challenged information was materially false which was also relied upon by the sentencing court. United States v. Polselli, 747 F.2d 356 (6th Cir. 1984) (per curiam), cert. denied, 105 S.Ct. 979 (1985); Farrow v. United States, 580 F.2d 1339 (9th Cir. 1978); Reynolds v. United States, 528 F.2d 461 (6th Cir. 1976) (per curiam). A review of the sentencing memorandum and declaration in support thereof amply demonstrates that the government's estimate of petitioner's fraud was premised upon a reasonable and sound analysis of petitioner's course of conduct spread over an entire year. Many reasonable inferences were made to support the government's estimate of petitioner's fraud. This is especially evident when contrasted with petitioner's attenuated and unsupported position to the contrary. The district court also expressly disavowed any reliance on the alleged inaccurate information. Petitioner also clearly waived his right to assert the alleged error. He failed to object to the information at his re-sentencing hearing and in his appeal from the denial of his Rule 35 motion; and, no credible reason has been proferred to explain his reticence. He also expressly declined the district court's offer to withdraw his plea of guilty before being resentenced. Cf. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).
 
 
 3
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.