953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Gerald WEBSTER, Defendant-Appellant.
 No. 90-10181.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William G. Webster appeals his sentence following a guilty plea to subornation of perjury, in violation of 18 U.S.C. § 1622. Webster contends that his sentence should be vacated because the district court relied on false or unreliable information in sentencing. We have jurisdiction under 28 U.S.C. § 1291 and vacate and remand for reconsideration.
 
 
 3
 If the district court sentences a defendant based on misinformation, the defendant's due process rights are violated. United States v. Ruster, 712 F.2d 409, 412 (9th Cir.1983). "[W]e will vacate a sentence on appeal only if the challenged information is both false or unreliable, and demonstrably made the basis for the sentence." Id.
 
 
 4
 Here, Webster was serving a sentence for bank robbery when he was convicted of subornation of perjury. At his sentencing hearing, Webster asked the district court to impose a concurrent sentence. The district court denied Webster's request and sentenced him to 15 months in prison, to run consecutive to his prior sentence. After the district court declared Webster's sentence, the following exchange took place:
 
 
 5
 Mr. Bookin: Your Honor, one other matter that I think should be clear on the record. In speaking with the probation department I understand it's their understanding and their view that because this is a guidelines case and Mr. Webster's prior sentence was pre-guidelines, that his release date on the prior sentence [for bank robbery] will not be effected by this new sentence.
 
 
 6
 Probation Officer: That's what I understand.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 Court: I have no idea. That sounds logical to me. Do I have any choice in the matter? ... I would express any preference if that--or my intention and desire, if that's appropriate, that the original sentence not be increased by reason of this offense. Punishment for this offense is exclusively that that's been imposed here today.
 
 
 10
 In its judgment, the district court reiterated its desire that "the sentence Mr. Webster is currently serving ... [not] be increased in any amount due to his guilty plea and sentence" for subornation of perjury.
 
 
 11
 Webster argues that he should be resentenced because the district court sentenced him under the assumption that Webster's imprisonment for his prior conviction would not be increased on account of the subsequent conviction. The government argues that (1) the district court did not rely on the misinformation in sentencing Webster; (2) inaccurate parole predictions are not factual misrepresentations warranting resentencing, and (3) the expectations of the sentencing court with respect to Commission decisions are not enforceable through resentencing.
 
 
 12
 Based on the quoted exchange and the district court's judgment, we cannot determine whether the district court intended Webster's parole release date for bank robbery not to be affected by his subsequent conviction. Therefore, we remand to the district court for reconsideration and clarification. Cf. United States v. Stewart, 779 F.2d 538, 541 (9th Cir.1985). We do not restrict the authority of the district court to impose the same sentence if it deems the punishment appropriate. See id.
 
 
 13
 VACATED AND REMANDED FOR RECONSIDERATION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument and therefore, denies Webster's request. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3