959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald STRACHAN, Defendant-Appellant.
 Nos. 89-30204, 89-30205.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1991.
Decided April 3, 1992.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gerald C. Strachan appeals his conviction and sentence for failure to appear, in violation of 18 U.S.C. § 3146(a), and his sentence for distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). Strachan challenges the sufficiency of the evidence on which he was convicted for failure to appear. He further contends that the sentencing judge abused his discretion in failing to become familiar with Strachan's trial before imposing sentence. Strachan also disputes his sentence on other grounds. We affirm the unchallenged conviction for distribution of a controlled substance and reverse Strachan's conviction for failure to appear. We vacate the sentences for distribution and failure to appear, and remand for resentencing on the distribution charge.
 
 
 3
 * Willfulness is an essential element of the crime of bailjumping. United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980); S.Rep. No. 225, 98th Cong., 1st Sess. 31-32 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3214-15. "Willfulness requires a specific intent to do something the law forbids; a general intent to commit the proscribed act is not enough." Wilson, 631 F.2d at 119.
 
 
 4
 Strachan asserts that the record is devoid of evidence showing that his failure to appear was willful. We agree. Even under the narrow standard of review employed when a defendant fails to move for acquittal, we are unable to find evidence in the record sufficient to sustain Strachan's conviction for failure to appear. Although the necessary inference might have been drawn from certain evidence that Strachan violated the curfew imposed as a condition of his release, this evidence was not admitted for its truth.[1] And while the government points to various efforts to notify Strachan of the hearing date, there is no indication that Strachan breached any obligation to maintain contact with anyone. Cf. United States v. Washington, 578 F.2d 256, 257-58 (9th Cir.1978) (where defendant agreed to maintain weekly contact with his attorney, court excused lack of actual notice of hearing date due to defendant's "deliberate failure to maintain communication with his attorney"). No evidence of willfulness appearing in the record, we reverse Strachan's conviction for failure to appear.
 
 II
 
 5
 Strachan argues that the sentencing judge should not have assumed sentencing responsibilities because the judge did not read the transcript of Strachan's trial, and because the judge had presided at the trial of Strachan's former codefendant. We find no abuse of discretion.
 
 
 6
 To be qualified to impose sentence in a particular case, a district judge must be "familiar enough with the case to assign the appropriate sentence within the statutory guidelines." United States v. Larios, 640 F.2d 938, 942 (9th Cir.1981). "When a trial judge relies on materially false or unreliable information in sentencing a defendant, the defendant's due process rights are violated." United States v. Ruster, 712 F.2d 409, 412 (9th Cir.1983).
 
 
 7
 The sentencing transcript indicates that the sentencing judge was very familiar with this case, including the fact that the case had been tried by another judge. This distinguishes the present appeal from Larios, where the sentencing judge mischaracterized the defendant, and gave indications that he was unaware that he had not presided at the defendant's trial. 640 F.2d at 943.
 
 
 8
 In addition to being familiar with Strachan by way of evidence presented at his former codefendant's trial, the sentencing judge indicated knowledge of Strachan's case when he noted that Strachan was not convicted on the conspiracy count. The judge also listened to testimony about Strachan presented at sentencing and, as a result, gave Strachan a lighter sentence than he originally contemplated. Under the circumstances, the sentencing judge's failure to wait for the transcript of Strachan's trial does not amount to an abuse of discretion. See Larios, 640 F.2d at 943 ("Becoming adequately familiar does not always require the reading of a transcript...."). Furthermore, in the absence of any indication that the sentencing judge relied on materially false or unreliable evidence presented in the former codefendant's trial, we find no abuse of discretion in the judge's references to this other trial.
 
 III
 
 9
 Included in the $228,400 fine imposed upon Strachan was an amount, $158,400, intended to compensate the government for the cost of incarceration. This part of Strachan's fine was imposed pursuant to United States Sentencing Guideline § 5E1.2(i) which provides in part that "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." Strachan's presentence report referred to this provision and to the monthly cost of incarcerating prisoners, as estimated by the Administrative Office of the United States Courts.
 
 
 10
 On appeal, Strachan contends that the Sentencing Commission exceeded its statutory authorization in promulgating Guidelines § 5E1.2(i). Strachan also argues that, in any event, the guideline section is irrational and therefore unconstitutional. There is no indication in the record, however, that Strachan raised these arguments below. The sentencing transcript is devoid of any reference to such arguments; the district court never ruled on them. Furthermore, the record contains no objections to the presentence report. Although the sentencing transcript refers to a four-page letter to the probation office, the objections expressed therein were either settled out-of-court or brought to the court's attention. Strachan has thus waived these arguments. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991) (claim that fine provisions of the Guidelines are contrary to statutory authority waived when not raised below).
 
 IV
 
 11
 Strachan further contends that his prior narcotics conviction could not be used in determining his sentence because the government did not file the information required by 21 U.S.C. § 851(a)(1). He also argues that, because the district court erroneously believed a higher statutory maximum applied, he was denied due process by the sentence he received.
 
 
 12
 In United States v. McDougherty, 920 F.2d 569 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991), we held that "[s]ection 851 applies when the government seeks to obtain the increased statutory penalties provided in 21 U.S.C. §§ 841-858, based upon certain qualifying prior convictions." Id. at 574 (original emphasis). Section 851 therefore does not apply when the government seeks to enhance a defendant's sentence under the career offender provision of the Guidelines. Id. Similarly, in the present case, section 851 does not apply in determining Strachan's offense level under the Guidelines. See id.
 
 
 13
 The probation office and the district court, however, erroneously believed that the government had complied with section 851, and that a higher statutory maximum therefore applied in Strachan's case under 21 U.S.C. § 841(b)(1)(C). Strachan argues that, if the district court had been aware of the correct statutory maximum sentence and mandatory minimum term of supervised release, then he might have received a shorter prison term. Thus, he contends that he was denied due process when the district court sentenced him. See Ruster, 712 F.2d at 412 (relying on materially false or unreliable information at sentencing denies due process).
 
 
 14
 The government responds by arguing that Strachan must show that the information "demonstrably made the basis for the sentence," id., and by pointing to Strachan's concession that "it cannot be demonstrated in this case that [the sentencing judge's] misunderstanding of the applicable maximum had any effect on the actual choice of term of imprisonment or fine." We disagree. Where the sentencing court makes an error and the reviewing court cannot determine that it did not affect the sentence, it must remand. Williams v. United States, 60 U.S.L.W. 4206, 4209-10 (U.S. March 9, 1992) (No. 90-6297). This case falls under the Williams rule.
 
 V
 
 15
 Finally, Strachan challenges the six-year term of supervised release he received for the failure to appear conviction. Because we reverse Strachan's conviction on this count, we need not consider his objection to the six-year term of supervised release. We note, however, that the government concedes that Strachan is correct on this point.
 
 
 16
 AFFIRMED-IN-PART, REVERSED-IN-PART, VACATED-IN-PART, and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, the district court ruled that the probation officer's testimony as to what Mr. Hamm said was "not offered for the truth of what anyone said; [it was] offered to explain why [the probation officer] did what he did."