993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary BOGDANOFF, Defendant-Appellant.
 No. 91-50492.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided May 24, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Gary Bogdanoff appeals his conviction and sentence as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm the conviction but vacate and remand for resentencing.
 
 
 3
 * Gary Bogdanoff is a paranoid schizophrenic. He has taken medication for this disability for over 25 years. He has also committed and been convicted of several violent crimes. In March 1990, the police arrested Bogdanoff for being a felon in possession of a firearm.
 
 
 4
 The only contested issue at trial was whether Bogdanoff's mental disorder caused him to be out of touch with reality. Bogdanoff raised the defense of not guilty by reason of insanity and produced witnesses who testified that his extreme paranoia led to his possession of the firearm for "self-defense."
 
 
 5
 The jury returned a verdict of guilty on January 24, 1991; the district court sentenced Bogdanoff to 500 months (41.6 years) in prison.
 
 II
 
 6
 Bogdanoff argues that the district court erred by admitting excessive bad character evidence in violation of Fed.R.Evid. 403 and 404(b). We review the district court's decision to admit evidence for abuse of discretion. United States v. Crespo de Llano, 830 F.2d 1532, 1544 (9th Cir.), reh'g denied, 838 F.2d 1006 (1987).
 
 
 7
 Bogdanoff has a thirty year criminal history, including convictions for unarmed robbery (1961), voluntary manslaughter (1967), second degree burglary (1967), armed robbery (1973), petty theft (1978), felon in possession of firearm and assault with a deadly weapon on a police officer (1979), and assault with a deadly weapon causing great bodily harm (1984). In its case-in-chief, the government did not raise Bogdanoff's past criminal activity.
 
 
 8
 The district court admitted the armed burglary conviction during the government's cross examination of a defense psychologist. The government presented this evidence to rebut testimony that Bogdanoff armed himself only because he perceived threats. On redirect of the psychologist, defense counsel elicited testimony that Bogdanoff's mental condition made him carry a firearm for self-defense and that he could not perceive this as wrong. After this testimony, the district court allowed the government to ask about the armed robbery conviction. The jury also learned that a prosecution witness reviewed Bogdanoff's probation and criminal records.
 
 
 9
 Bogdanoff claims that this prior bad act evidence tainted the proceedings. Bogdanoff believes he was tried and convicted for his prior violent activities, not for the felon in possession charge. He contends that the sole relevance of this evidence was to show his violent character. Further, Bogdanoff argues that even if some of the evidence is facially admissible, its prejudicial impact far outweighs any probative value.
 
 
 10
 But prior bad act evidence is admissible when a defendant's character trait is an essential element of the defense. See Fed.R.Evid. 405(b); Advisory Note to Fed.R.Evid. 404. By pleading insanity, Bogdanoff made his character an issue. His defense was that a particular character attribute--his paranoia--forced him to possess a firearm. The prosecution was then entitled to rebut this with evidence that a different character attribute--his willingness to use a firearm as an offensive weapon--explained his possession of the firearm. See United States v. Ruster, 712 F.2d 409, 412 (9th Cir.1983). Moreover, because the evidence was highly probative of Bogdanoff's true motives in possessing the firearm, the district court did not abuse its discretion in not excluding it under Fed.R.Evid. 403.
 
 
 11
 Bogdanoff's defense rested on the issues of insanity and self-defense. The district court refused to give either of two proffered instructions on self-defense. When a district court refuses to give proposed instructions, we review the instructions actually given de novo to determine if they adequately cover the defense theory. United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991).
 
 
 12
 Bogdanoff argues that without the insanity and self-defense instructions, his defense lost all force and effect. A defendant is entitled to jury instructions on the theory of defense if evidence in the case makes it applicable. United States v. Joetzki, 952 F.2d at 1095; United States v. Escobar-De Bright, 742 F.2d 1196, 1201 (9th Cir.1984).
 
 
 13
 There is no evidence in the record of an unlawful threat of serious bodily harm or a causal relationship between the criminal action and the threatened harm to support the first offered instruction. The insanity defense subsumes the second offered instruction. To accept the insanity defense, to believe that Bogdanoff constantly saw himself threatened, the jury would, by necessity, have to accept a self-defense theory. Indeed, regardless of why he believed himself to be threatened, the evidence would have to allow for the possibility of a reasonable belief for Bogdanoff to be entitled to a self-defense instruction, and it did not.
 
 
 14
 Bogdanoff claims that the district court erred in refusing to instruct the jury that he would be institutionalized, not released, by a not guilty by reason of insanity verdict. In United States v. Frank, 956 F.2d 872, 879 (9th Cir.1991), cert. denied, 1992 WL 104075 (U.S., October 13, 1992), we held it improper to give this very instruction.
 
 III
 
 15
 The district court sentenced Bogdanoff under the Career Offender Provision, § 4B1.1, of the Guidelines. The parties now agree that the district court improperly sentenced Bogdanoff under the guidelines. In United States v. Sahakian, 965 F.2d 740, 741-43 (9th Cir.1992), we held that "following the November 1, 1989 revision of the definitional provision of U.S.S.G. § 4B1.2, being a felon in possession of a firearm is not a crime of violence for purposes of applying the Career Offender guideline." Id. at 741. See also United States v. Daly, 974 F.2d 1215, 1217-18 (9th Cir.1992). Sahakian directly controls.
 
 
 16
 We AFFIRM Bogdanoff's conviction but VACATE AND REMAND to the district court for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3