**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30318 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00101-MO-1 |
| v. | |
| CURTIS DEWAYNE SMITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 15, 2011[**]
Portland, Oregon

Before: PREGERSON and WARDLAW, Circuit Judges, and SEDWICK, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

Curtis Dewayne Smith appeals his conviction of one count of bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by admitting the government's expert witness testimony that Smith suffers from antisocial personality disorder (not otherwise specified), as listed in the American Psychiatric Association's Diagnostic and Statistical Manual. The court properly determined that the facts and data underlying the diagnosis were "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703; *see also United States v. Gonzales*, 307 F.3d 906, 910 (9th Cir. 2002).

Finding that the expert's methodology was reliable, the district court properly focused on the acceptance of those methods in the field and whether others could duplicate the results. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993); *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006). Given that the sole issue at trial was whether Smith, "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts," 18 U.S.C. § 17(a), the district court did not abuse its discretion by concluding that the risk of prejudice or confusion did not

2

"substantially outweigh" the probative value of the expert's testimony. Fed. R. Evid. 403.

The district court properly admitted testimony referencing Smith's prior theft convictions, as these past crimes were sufficiently similar to bank robbery to evidence Smith's "knowledge" that robbing a bank is wrong. Fed. R. Evid. 404(b). The district court then reasonably found that the probative value of the theft convictions outweighed the risk of prejudice, as "the previous similar criminal acts were relevant to the jury's evaluation of [Smith's] expert's testimony as to his mental state during the later offense[]." *United States v. Ruster*, 712 F.2d 409, 412 (9th Cir. 1983) ("When insanity is presented as a defense, 'the trial judge should be free in his admission of all possibly relevant evidence.'") (quoting *United States v. Ives*, 609 F.2d 930, 932 (9th Cir. 1979)).

Admission of the remainder of Smith's criminal history was permissible under Fed. R. Evid. 703, which provides for the introduction of otherwise inadmissible evidence if its "probative value in assisting the jury to evaluate the expert's opinion substantially outweighs [its] prejudicial effect." Here, the government's expert's opinion was based in part on her understanding of Smith's prior convictions, so it was helpful to the jury in evaluating her diagnosis. In addition, the district court gave the jurors a thorough limiting instruction that made

3

clear that they were "not to take [the criminal history references] as substantive evidence of what [Smith] really has done or not done in the past but merely as the factors relied upon by this witness in reaching her assessment" of Smith's mental condition. *Cf. United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997) ("When inadmissible evidence used by an expert is admitted to illustrate and explain the expert's opinion . . . it is 'necessary for the court to instruct the jury that the [otherwise inadmissible] evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence.'") (quoting *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984)). And given that the ultimate issue at trial was Smith's mental condition, and he admitted that he actually robbed the bank, the district court properly discounted concerns about "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

**AFFIRMED.**