**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Larry Lee TAYLOR, Defendant-Appellee.**

No. 84–5875.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1985.

Decided July 19, 1985.

Joe B. Brown, U.S. Atty., Nashville, Tenn., John Philip Williams, William Warren (argued), for plaintiff-appellant.

William Farmer, Federal Public Defender, Nashville, Tenn., Paula D. Godsey, Robert Tucker (argued), for defendant-appellee.

Before KENNEDY and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

The government appeals from the District Court's order reducing Taylor's sentence pursuant to Fed.R.Crim.P. 35.[1] On February 23, 1982, Taylor entered a plea of guilty to a violation of 18 U.S.C. § 113(b),

---

1. **Rule 35. Correction or Reduction of Sentence**

    (a) **Correction of Sentence.** The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

    (b) **Reduction of Sentence.** The Court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

assault with intent to commit a felony, and was sentenced by the District Court to a term of 7½ years. On June 4, 1982, Taylor filed a Rule 35 motion to reduce sentence. On December 16, 1983, approximately 18 months after the motion was filed, the court entered its order, reducing Taylor's sentence to time served.[2] The government concedes that the defendant did nothing to prolong the court's decision and, in fact, requested on two occasions that the court rule on his motion.

The government filed a motion for reconsideration, contending that the lapse of time had deprived the court of jurisdiction under Rule 35. The court held a hearing on January 13, 1984, at which time the District Judge stated,

> for the record before ruling on the case that I acted deliberately in this case, that the offense was a serious offense. Of course, the sentence was a fairly harsh sentence, and I had no intention of granting a Rule 35 motion at the time that it was filed, that *I fully intended for Mr. Taylor to stay in the institution for some time before I did rule on his Rule 35 motion, so I would have an opportunity to see how he handled his incarceration,* so it was not—the delay on my part was a very intentional delay in action upon the motion. I would not have granted the motion within the 120 days.

> On the other hand, *if I had felt that I could not grant a Rule 35 motion with this kind of delay, I would not have imposed a seven-and-a-half year sentence in the first place....* [emphasis added]

The District Court thereupon took the motion to reconsider under advisement. After the government on July 13, 1984, called the court's attention to the fact that its motion for reconsideration had been under advisement for more than 30 days, the court denied the motion on August 21, 1984. This appeal followed.

### I.

The government does not contend that the District Court did not retain jurisdiction to act on appellant's motion for a reasonable time after the 120-day time limit specified in Rule 35(b) had elapsed.[3] Rather, it

---

2. Although not specified in the motion or in the order reducing sentence, it is clear that the motion was made and granted pursuant to subsection (b) of Rule 35, for reduction of a lawful sentence, rather than subsection (a), providing for correction of an illegal sentence or a sentence illegally imposed.

3. By its terms, the 120-day time limit set forth in Rule 35(b) applies to the court, not the defendant. Moreover, Rule 45(b) states that "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." Nevertheless, prior to the Supreme Court's decision in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), those circuits that had ruled on the issue were unanimous in the view that district courts retained jurisdiction for a reasonable time to act on Rule 35 motions filed within the 120-day limit. *See United States v. Krohn*, 700 F.2d 1033, 1035 (5th Cir.1983) (citing cases). Although the *Addonizio* Court stated in dictum that this time limit "is jurisdictional and may not be extended," 442 U.S. at 189, 99 S.Ct. at 2243, a majority of circuits continue to adhere to the view that the district courts retain jurisdiction for a reasonable time beyond the 120-day period to consider timely filed Rule 35 motions. *See Diggs v. Unit-ed States*, 740 F.2d 239 (3d Cir.1984); *United States v. Schafer*, 726 F.2d 155 (4th Cir.1984); *Krohn, supra; United States v. DeMier*, 671 F.2d 1200 (8th Cir.1982); *United States v. Rice*, 671 F.2d 455, 459 & n. 5 (11th Cir.1982); *United States v. Smith*, 650 F.2d 206 (9th Cir.1981). On the other hand, the courts in *United States v. Pollack*, 655 F.2d 243 (D.C.Cir.1980), and *United States v. Kajevic*, 711 F.2d 767 (7th Cir.1983), cert. denied, —— U.S. ——, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984), have expressed doubt whether a district judge may ever reduce sentence under Rule 35 once the 120-day time limit has expired. In both instances, however, the cases were decided on the narrower ground that the time periods involved, intervals of 14 and 10 months respectively between the beginning of the running of the 120-day period and the actual reduction in sentence, were unreasonable.

In *Kajevic*, the Seventh Circuit undertook a detailed examination of the evolution of Rule 35(b). It found that the rule's predecessors, the Notes of the Advisory Committee and the *Addonizio* dictum, as well as the literal language of the rule and Rule 45(b), all suggested that the 120-day limit was mandatory and jurisdictional. Were we writing on a clean slate, that analysis might be persuasive. However, those circuits that took the opposing view before *Addonizio*, did so "despite the acknowledgment that a liter-

argues that even if a district judge may extend consideration of a timely Rule 35(b) motion for a reasonable period beyond the 120-day limit, "the district court's delay in this case was unreasonable because of a delay of 18 months in and of itself was unreasonable." Moreover, it contends that, in holding appellee's Rule 35 motion in abeyance "so I would have an opportunity to see how he handled his incarceration," the District Judge usurped the role of the Parole Commission and committed an abuse of discretion.

Appellee responds that in considering the reasonableness of the additional time taken before an order reducing sentence was entered, the courts have declined to adopt a *per se* limit such as the government proposes. *See United States v. Smith*, 650 F.2d 206, 209 (9th Cir.1981) ("[W]e see no merit in adopting appellants' suggestion that delays of over six months be decreed prima facie unreasonable. Reasonableness in this context must be evaluated in light of the policies supporting the time limitation and the reasons for the delay in each case.") & n. 3 (identifiable delays at issue were 42, 33 and 17 months); *accord United States v. DeMier*, 671 F.2d 1200, 1207 (8th Cir.1982). He also contends that although the District Judge did state that he wanted time to observe the appellee's deportment in prison

before ruling on his motion, there is no indication that the judge was "sitting on" appellee's Rule 35 motion to use it as "a tool for overruling the Parole Commission after that body ... determines the likely release date of the criminal." *Diggs v. United States*, 740 F.2d 239, 246 (3d Cir. 1984). Finally, the appellee argues that reduction of his sentence was warranted under Rule 35(a), based upon the District Judge's statement that he would not have imposed such a lengthy sentence if he did not believe that he could act as he did, since the sentence was based upon a misunderstanding and hence was imposed in an illegal manner.

Those circuits adhering to the rule that the district courts retain jurisdiction over timely filed Rule 35 motions for a reasonable period, *see* note 3 *supra*, have recognized as an important corollary thereto

> that one purpose of the Rule's time limitation is to 'assure that the district court's power to reduce sentence will not be misused as a substitute for the consideration for parole by the Parole Board,' *Stollings*, 516 F.2d at 1289, by 'hold[ing] a timely motion for reduction of sentence in abeyance for months or years and then seek[ing] to grant it on the basis of

al reading of Rules 35(b) and 45(b) would lead to a contrary conclusion." *Krohn*, 700 F.2d at 1036; *see also Smith*, 650 F.2d at 209. Thus, they have reasoned that "the Court in *Addonizio* stated no new legal proposition, but merely referred to the literal language of the Federal Rules of Criminal Procedure.... *Addonizio* in no way undermines the vitality of cases ... which view the defendant's filing of a Rule 35 motion within 120 days as the critical act entitling the trial courts to rule on the motion and exercise appropriate discretion to reduce the sentence." *DeMier*, 671 F.2d at 1205–06; *accord Krohn*, 700 F.2d at 1037.

This Circuit has not yet ruled on the question of whether the time limit in Rule 35 is jurisdictional, although in *United States v. Blanton*, 739 F.2d 209, 213 (6th Cir.1984), it suggested that jurisdiction might extend beyond the 120-day period where a timely motion has been filed or a showing of special circumstances justifying delay has been made. 739 F.2d at 213–14. In *Blanton*, however, the court reversed the grant of a Rule 35(b) motion, made 305 days after the mandate of the court of appeals was recorded in

the district court, because it was neither timely filed nor in reliance on an affirmative statement of the court or government that would excuse the delay.

On April 29, 1985, the Supreme Court transmitted to Congress an amended version of Rule 35(b), which incorporates the predominent application of the rule:

(b) REDUCTION OF SENTENCE. A motion to reduce a sentence may be made, or the court may reduce sentence without motion, within 120 days after the sentence is imposed probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

defendant's conduct in prison,' [*United States v.*] *Mendoza,* 565 F.2d [1285] at 1290 [5th Cir.1978].

*United States v. Krohn,* 700 F.2d 1033, 1037 (5th Cir.1983); *accord Diggs,* 740 F.2d at 246–47. ("The 'reasonable time' contemplated ... is a reasonable time to decide the issue presented by the rule 35 motion, not a license to wait and reevaluate the sentencing decision in the light of subsequent developments.");[4] *see also United States v. Dean,* 752 F.2d 535, 544 (11th Cir.1985) (sentencing judge may not use Rule 35(a) as means to usurp authority of Parole Commission).

■■■ Even if, once a timely Rule 35(b) motion has been filed, a district court retains jurisdiction for a reasonable time to reduce sentence after the 120-day time limit specified in the rule has expired, no period of extension of whatever length is reasonable if it has been allowed by the court for a purpose in contravention of the rule. In the instant case, the District Judge clearly delayed acting on appellee's motion in order to take developments subsequent to sentencing into account, rather than to reconsider his original decision. Contrary to appellee's argument, it is not necessary that a district judge deliberately override a decision of the Parole Commission to impermissibly usurp the Commission's role. The facts of the instant case are precisely those that Judge Haynsworth suggested in *United States v. Stollings,* 516 F.2d 1287 (4th Cir.1975), would not justify the retention of jurisdiction by the district court:

> The time limitation appears to have as its dual purpose the protection of the district court from continuing and suc-

cessive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board. We need not speculate, however, that a judge would hold a timely motion for reduction of sentence in abeyance and unacted upon for months or years and then seek to grant it on the basis of the defendant's conduct in prison.

516 F.2d at 1289; *see also Diggs,* 740 F.2d at 246–47, and *Krohn,* 700 F.2d at 1037, quoted previously, and cases cited therein. Therefore, we hold that the District Court abused its discretion in granting appellant's Rule 35 motion under subsection (b).

Since we conclude that, in substituting its judgment for that of the Parole Commission, the District Court abused its discretion when it reduced appellant's sentence, we decline to consider whether any delay of a particular duration or longer in acting upon a Rule 35(b) motion is unreasonable *per se.* However, we do question whether an 18-month delay, such as that present in this case, could be considered reasonable under any set of circumstances that we have been able to imagine.

## II.

The analysis above, however, does not fully resolve the case. There remains the question of whether the District Judge's statement—that if he had not believed that he could act as he ultimately did, he would not have imposed such a lengthy sentence—warranted modification of defendant's sentence under Rule 35(a). He urges

---

52 U.S.L.W. 4516 (May 7, 1985).

**4.** Taylor cites *United States v. Ochs,* 490 F.Supp. 1206 (S.D.N.Y.), *aff'd,* 636 F.2d 1205 (2d Cir. 1980), *cert. denied,* 451 U.S. 1016, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981), for the proposition that "commendable prison deportment" is a permissible basis upon which a district judge may grant a Rule 35 motion. In fact, the judge in *Ochs* expressed skepticism about whether prison behavior was predictive of future conduct, concluding that "commendable prison deportment is only some evidence on the issue to be resolved, neither to be disregarded nor overestimated." 490 F.Supp. at 1216. When a Rule

35(b) motion is made, the district judge can, of course, "'reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim.'" *United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981) (quoting *United States v. Ellenbogen,* 390 F.2d 537, 543 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). That a district judge is not required to close his eyes to developments favorable to the movant's request, does not mean that the judge may refrain from ruling indefinitely for the specific purpose of observing the course of the movant's "reformation."

that the instant case is equivalent to *DeMier, supra,* and *United States v. Ruster,* 712 F.2d 409 (9th Cir.1983), in which misinformation provided by a probation officer to the trial court prior to sentencing resulted in the imposition of a sentence requiring a longer minimum term of imprisonment prior to initial consideration for parole than was intended by the sentencing judge, and was deemed to have violated the defendant's due process rights in the sentencing process.[5]

In *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the Supreme Court held that post-sentencing changes in the guidelines of the Parole Commission, resulting in a longer mandatory minimum term of imprisonment than intended by the trial judge in imposing sentence, did not provide a basis for collateral attack on the sentence pursuant to 28 U.S.C. § 2255.[6] The Court concluded that "there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge," 442 U.S. at 187, 99 S.Ct. at 2241, reasoning that a sentence imposed in reliance on assumptions concerning parole that are frustrated by subsequent actions of the Parole Commission, is not based upon " 'misinformation of a constitutional magnitude,' " 442 U.S. at 187, 99 S.Ct. at 2241 (quoting *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) ); and that "the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." 442 U.S. at 190, 99 S.Ct. at 2243.

Although *Addonizio* involved a motion under § 2255, we regard it as equally relevant to Rule 35 motions. While Rule 35 and § 2255 are not coterminous, *United States v. Santora,* 711 F.2d 41, 42 (5th Cir.1983); 3 C. Wright, Federal Practice & Procedure 2d § 583, at 391, both provide a vehicle for attacking an illegal sentence. The well-established rule is that a motion made on such grounds under either § 2255 or Rule 35 may be considered on its merits without regard to the label ascribed to the motion. *See Andrews v. United States,* 373 U.S. 334, 337–38, 83 S.Ct. 1236, 1238–39, 10 L.Ed.2d 383 (1963); *Duggins v. United States,* 240 F.2d 479, 484 (6th Cir. 1957); 3 C. Wright, *supra,* at 392–93 & nn. 19–20 (1982). To the extent that the statutory remedy overlaps that provided by the rule, there is no difference between "an

---

**5.** In the *Dean* case, in which the court rejected the argument that a sentence based upon erroneous information provided by a probation officer was subject to reduction under Rule 35(a), the court distinguished *DeMier* in part on the basis that the motion in *DeMier* was granted under Rule 35(b), rather than Rule 35(a). 752 F.2d at 545 n. 19. Although we agree with the *Dean* court that *DeMier* is irreconcilable with *Addonizio,* we do not not agree that the *DeMier* court was acting under Rule 35(b). The court never refers to subsection (b), consistently referring only to "Rule 35". The appellate court does focus on whether the district court lacked jurisdiction to act, either because 120 days had elapsed, or because it delayed acting for an unreasonable time thereafter. However, the rule's 120-day time limit, while contained in subsection (b), is also applicable to sentences subject to correction under subsection (a), which have been imposed in an illegal manner. *See* 3 C. Wright, *supra,* § 585.

**6.** Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> . . . If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringment of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

illegal sentence and ... a sentence imposed in an illegal manner" under Rule 35(a), and a sentence subject to correction for those reasons under § 2255. *See Dean,* 752 F.2d at 544 n. 18; *see also United States v. Henry,* 709 F.2d 298, 313 (5th Cir.1983) (en banc). If anything, the sweep of the statutory remedy is broader than that of the rule.[7]

In the *DeMier* case, the district judge was advised by the Probation Office prior to sentencing that the defendants could be expected to serve 16–20 months of their three year sentences, based upon then current parole guidelines. In fact, the Parole Commission adopted a 40–52 month guideline. The defendants did not begin serving their sentences until disposition of their unsuccessful appeal, nearly one year after their sentences were first imposed. Consequently, the Probation Office made its report based upon the 1978 guidelines, while the Parole Commission applied the 1979 guidelines. The district court concluded that "[t]he important factual circumstance is that this Court was not furnished accurate information at the time it imposed sentence in regard to whether the 1978 or the 1979 guidelines would be applied by the Parole Commission when it decided how long it would keep defendants in custody." *United States v. DeMier,* 520 F.Supp. 1160, 1166 (W.D.Mo.1981), *aff'd,* 671 F.2d 1200 (8th Cir.1982). After stating the rule that " '[m]isinformation ... or material false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process,' " 520 F.Supp. at 1167 (quoting *United States v. Malcolm,* 432 F.2d 809, 815 (2d Cir.1970), and *United States v. Stein,* 544 F.2d 96, 102 (2d Cir.1976) ), the court concluded that the misinformation furnished it by the Probation Office was of constitutional magnitude. 520 F.Supp. at 1168. The court acknowledged *Addonizio,* but labeled as dictum[8] the Supreme Court's statement that a sentencing judge has no enforceable expectations with respect to the actual release date of a sentenced defendant short of his statutory term. *Id.* at 1169.[9]

The appellate court in *DeMier* attempted to distinguish *Addonizio* on the basis that the district judge had not acted because his expectations had been frustrated by Parole Commission's subsequent application of its guidelines, but because he was furnished with misinformation prior to sentencing about which guidelines would be applied. 671 F.2d at 1204 & n. 13., *see* 520 F.Supp. at 1161 n. 2. First, although the appellate court stated that the Probation Office had relied on outdated guidelines because of a delay by the Administrative Office of the United States Courts in mailing the revised guidelines, 671 F.2d at 1207, the district court clearly ascribed the discrepancy at issue to the lapse of time relating to the

7. Thus, our disposition of plaintiff's contention, that reduction of his sentence under Rule 35 was not justified on the basis of the sentencing judge's misapprehension of the scope of his discretion under that rule, necessarily forecloses him from raising the same contention in the future under § 2255, although he would not be foreclosed from making a § 2255 application on some other ground. *See* 3 C. Wright, *supra,* § 602.

8. It is not clear that the court recognized the full import of *Addonizio,* since it appears to have regarded *United States v. Lacy,* 586 F.2d 1258 (8th Cir.1978) (en banc), as good law, 520 F.Supp. at 1161 n. 2, although the Eighth Circuit had already held in *United States v. Washington,* 608 F.2d 292, 293 (8th Cir.1979) (per curiam), that "[t]he Supreme Court's opinion in *Addonizio* reverses this circuit's previous view of this issue in *United States v. Lacy*...."

9. The court reasoned that "Congress has not attempted to deprive district judges of their traditional sentencing power. Nor has the Congress attempted to transfer the power to impose all sentences to the Parole Commission." 520 F.Supp. at 1169. *But cf. United States v. Coyer,* 732 F.2d 196, 200 (D.C.Cir.1984) (reversing finding that a sentence, based upon a probation officer's erroneous prediction of the guideline that would be applied, violated due process) ("At bottom, the District Court ... transformed the estimate of ... a court employee ... into a conclusive determination binding upon the Parole Commission, ... abort[ing] an elaborate congressionally mandated process by which the circumstances of each federal inmate are reviewed through the Parole Commission's application of highly developed guidelines....").

pendency of defendants' appeal. Thus, the information supplied by the Probation Office prior to sentencing was accurate at the time it was given, and was misinformation only in retrospect. Second, and more importantly, in light of the rationale of *Addonizio* that a sentence is not "illegal" merely because the sentencing judge was mistaken about the length of time that would have to be served prior to parole, the distinction between a sentencing judge acting on parole guidelines that are subsequently changed, and misinformation respecting parole guidelines applicable at the time of sentencing, is a tenuous one at best. *See Dean,* 752 F.2d at 543–44.

Even if we were persuaded by the reasoning in *DeMier,* which we are not, that case is logically distinguishable from the instant case. The District Judge below did not rely on misinformation provided by a Probation Officer, or anyone else. Rather, if the sentencing judge's subjective intent is being frustrated, it is as the result of his own misunderstanding of the law. In *Ruster,* in imposing a sentence of 15 years on the defendant, the trial court inquired of the Probation Officer whether the sentence "actually amounts to about 48 months," to which the Probation Officer replied, "48 to 60 months, your honor." 712 F.2d at 412. In fact, under 18 U.S.C. § 4205(a), a prisoner sentenced to a term of one year or more must serve at least a third of the term before becoming eligible for parole. The objective requirements of the statute, however, unlike the precise application of its guidelines that will be made by the Parole Commission in a given case, were or should have been within the knowledge of the judge. *Cf. United States v. Coyer,* 732 F.2d 196, 200 n. 5 (D.C.Cir.1984) ("[A]ppellee was faced with no after-the-fact, post-sentencing change in Parole Commission policy that frustrated the District Court's 'sentencing expectations.' The objective criteria—or guidelines—applicable to appellee remained as constant and unchanging as the laws of the Medes and Persians."); *United States v. DiRusso,* 535 F.2d 673, 675 (1st Cir.1976) (prior to *Addonizio,* declining to decide whether a sentence affect- ed by post-sentencing changes in Parole Guidelines was subject to collateral attack under § 2255, since "[t]he court apparently knew what the guidelines called for but assumed a much greater degree of flexibility in their application than is the case").

Moreover, the court in *Ruster* made no reference to *Addonizio.* Rather, it relied, as did the district court in *DeMier,* on the principle that "[w]hen a trial judge relies on materially false or unreliable information in sentencing a defendant, the defendant's due process rights are violated." 712 F.2d at 412 (citing *United States v. Williams,* 668 F.2d 1064, 1072 (9th Cir. 1981). However, the cases establishing that principle, relied upon by the courts in *Ruster* and *DeMier,* are inapposite, because they are concerned with reliance on an erroneous *fact,* rather than a misapprehension of the applicable *law. E.g., Williams,* 668 F.2d at 1071 (reliance on inaccurate statement in presentence report that only basis for reversal of prior conviction was violation of right to speedy trial); *see Dean,* 752 F.2d at 544–45; *Coyer,* 732 F.2d at 199–200, 201. There is a certain circularity in appellant's argument for, if it were accepted in the instant case, every reversal of a district court's grant of a Rule 35 motion under subsection (b) would impliedly raise the possibility that the sentence was based on a misunderstanding and hence subject to reduction under subsection (a). We find *Addonizio* controlling in this situation where the only basis for the adjustment to the sentence was a possible "frustration of the subjective intent of the sentencing judge," not any objective error in the interpretation or application of the law. Paraphrasing the Court in *Addonizio,* as a practical matter, the subjective intent of the sentencing judge, expressed in the instant case nearly two years after the sentence was imposed, provides a questionable basis for testing the validity of his judgment. 442 U.S. at 187, 99 S.Ct. at 2241. Therefore, we conclude that appellant's sentence was neither illegal nor imposed in an illegal manner, and

thus was not subject to correction under Rule 35(a).

### III.

In concluding as we have above, we are not insensitive to the fact that any misapprehensions on the part of the District Judge that may have affected the length of appellant's sentence, although lawfully imposed and within statutory limits, were totally beyond his control. We were advised at oral argument that the government has undertaken to recommend to the Parole Commission, if the government prevailed in this case on appeal, that appellant be placed under parole supervision for the remainder of his original sentence rather than being returned to an institution, and that the Parole Commission has indicated its likely assent to that recommendation.

The order of the District Court is vacated and the case remanded for reinstatement of the original sentence.