810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. CARTER, Petitioner-Appellant,
v.
WARDEN, FEDERAL CORRECTIONAL FACILITY, ASHLAND, KENTUCKY;
United States Parole Commission; and Benjamin F.
Baer, Chairman, United States Parole
Commission, Respondents-Appellees.
 No. 86-5145.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1986.
 
 Before MERRITT and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court in which he challenged the United States Parole Commission's determination as to the date of his eligibility for release on parole. Specifically, appellant maintained that the Commission's decision in that regard was erroneous in that: 1) there was no evidence to support the finding that he had committed the offense for which he was incarcerated with the intent to cause severe bodily injury so as to justify the assignment of an offense severity rating of seven; 2) the use of the parole guidelines contained in 20 C.F.R. § 2.20 (1986) was improper as appellant had been sentenced pursuant to 18 U.S.C. § 4505(b)(2) and thereby was entitled to release prior to the service of at least one-third of his sentence; 3) the use of those same guidelines constituted a violation of the prohibition against the ex post facto application of laws; and 4) the presumptive release date set by the Commission was contrary to the expectations of the judge who had sentenced appellant.
 
 
 3
 Review of the recent case law from this Circuit, however, eliminates each of appellant's contentions as a possible basis for habeas relief. First, as to his arguments regarding the accuracy of the Commission's factual findings, it must be noted that such matters fall within the scope of that body's discretion and are therefore insulated from judicial review. Farkas v. United States, 744 F.2d 37 (6th Cir.1984). Accordingly, this Court is without authority to interfere with Commission's determinations regarding appellant's eligibility for parole, especially as the record in this case clearly discloses evidence sufficient to support the finding of intent to cause severe bodily injury so as to justify the assignment of a high offense severity rating.
 
 
 4
 Likewise, Farkas, supra, indicates that appellant is incorrect in his assertions that the fact that he was sentenced pursuant to 18 U.S.C. § 4205(b)(2) precludes the use of the standards contained in 29 C.F.R. § 2.20 (1986) as the basis for the determination of his presumptive parole release date. In that case this Court held that the sentencing of a defendant under 18 U.S.C. § 4205(b)(2) stands merely as a representation by the trial court he need not serve at least one-third of his sentence before becoming eligible for release on parole. It does not, however, ultimately entitle the defendant either to any such early release or the application of parole eligibility standards more lenient than those used in other situations in which sentence has been imposed pursuant to 18 U.S.C. § 4205(b)(1).
 
 
 5
 Last, appellant's final two arguments that the use of the parole release standards of 29 C.F.R. § 2.20 (1986), which were promulgated subsequent to his conviction and sentencing, constituted a violation of the prohibition against the ex post facto application of laws and that the parole release date set by the Commission was improper as it was contrary to the expectations of the judge who had originally sentenced him are both without merit. This Court specifically rejected the former contention in Ruip v. United States, 555 F.2d 1331 (6th Cir.1977); as it also did the latter claim in United States v. Taylor, 768 F.2d 114 (6th Cir.1985).
 
 
 6
 It appears that the questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court be and hereby is affirmed.