857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Edward SELTZER, Defendant-Appellee.
 No. 87-4049.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The government appeals from the granting of a Fed.R.Crim.P. 35(b) motion to reduce sentence.[1] It is the contention of the government that the sentencing judge abused his discretion and, further, that he usurped the authority of the Parole Commission by granting the reduction.
 
 
 2
 Upon review we conclude, based upon our earlier decision in United States v. Taylor, 768 F.2d 114 (6th Cir.1985), that the trial court did abuse its discretion, and we reverse.
 
 I.
 
 3
 Edward Seltzer was convicted of four counts of making false statements before a grand jury, in violation of 18 U.S.C. Sec. 1623. He was sentenced to two consecutive nine-month prison terms for a total of eighteen months. The conviction was affirmed by this court. United States v. Seltzer, 794 F.2d 1114 (6th Cir.1986), cert. denied, 107 S.Ct. 927 (1987). After certiorari was denied, Seltzer filed a Rule 35(b) motion for reduction of sentence which the court denied on February 19, 1987. Seltzer was still on bond at this time and did not actually start serving his sentence until April 27, 1987. Prior to this time, however, Seltzer, by letter from new counsel dated April 17, 1987, requested a reconsideration of the denial of his Rule 35(b) motion. The government responded and objected to any reduction. No further action was taken by the district judge until some six months later, October 19, 1987, when a proposed order issued reducing defendant's sentence to six months. The government filed objections. On October 27, 1987, the district judge filed an order reducing Seltzer's sentence to nine months. No specific reasons for granting the motion were set forth.
 
 
 4
 Prior to the granting of the Rule 35(b) motion, the Parole Commission, on September 25, 1987, had decided that no departure from the guidelines was warranted for Seltzer and that twelve to eighteen months should be served. (App. 68). Shortly thereafter, the district court made inquiry through the local United States Marshal's Office as to the institutional adjustment of Seltzer and learned that institutional adjustment was good and that with compulsory good time, Seltzer should be released "by May or June 1988." (App. 69).
 
 II.
 
 5
 We note at the outset that our decision will have little effect outside of the context of this case since Rule 35 motions have been eliminated as such by the recent amendments to the Comprehensive Crime Control Act of 1984. Under such circumstances we would be inclined to exercise more than the usual restraint in deciding whether there was an abuse of discretion at the trial level. Here, however, it appears that the earlier decision of our court in United States v. Taylor, 768 F.2d 114 (6th Cir.1985), is controlling and we are bound to apply it to this case.
 
 
 6
 In Taylor the defendant was sentenced to seven and one-half years imprisonment on February 23, 1982. On June 4, 1982, Taylor filed a timely Rule 35(b) motion for reduction of sentence. On December 16, 1983, approximately eighteen months after the motion was filed, the court granted the motion reducing Taylor's sentence to the time he had served. After the government appealed, we reversed. The reversal was not based on the delay of eighteen months in granting the motion,[2] but rather on the basis of the district court having usurped the function and prerogatives of the Parole Commission.
 
 
 7
 In Taylor, the district judge, in granting the Rule 35(b) motion, specifically stated:
 
 
 8
 [I] fully intended for Mr. Taylor to stay in the institution for some time before I did rule on his Rule 35 motions, so I would have an opportunity to see how he handled his incarceration, so it was not--the delay on my part was a very intentional delay in action upon the motion. I would not have granted the motion within the 120 days.
 
 
 9
 On the other hand, if I had felt that I could not grant a Rule 35 motion with this kind of delay, I would not have imposed a seven-and-a-half year sentence in the first place....
 
 
 10
 768 F.2d at 116 (emphasis in original). We made it clear in Taylor that it was for the Parole Commission and not district judges to factor "institutional adjustment" into the release date calculus.
 
 
 11
 Here, the district judge made no statements such as were made in Taylor. In fact, he gave no reasons for the reduction despite the fact that the government had called our decision in Taylor to his attention. Similarly, no reasons were given for the delay of six months in ruling on the motion. This silence, coupled with the inquiries the court did make relative to prison adjustment, convinces us that the trial judge, inadvertently perhaps, usurped the function of the Parole Commission. In Taylor we stated "it is not necessary that a district judge deliberately override a decision of the Parole Commission to impermissibly usurp the Commission's role." Id. at 118. The Parole Commission had already acted and decided that Seltzer should serve his full guideline sentence. Shortly thereafter, the district court made inquiry through the local United States Marshal as to the institutional adjustment of Seltzer.
 
 
 12
 We also note that good institutional adjustment is hardly a reason for reducing a sentence by the sentencing judge. Normally, a trial judge has no reason to assume that a sentenced defendant will not make a good institutional adjustment, and this should be part of the original sentencing considerations. It goes without saying that if a defendant makes a bad institutional adjustment, the trial judge cannot go back and increase the sentence. The sentencing judge had earlier turned down a similar Rule 35(b) motion. Nothing had changed in the interim other than the fact that the defendant was behaving in prison.[3] The facts here are simply too close to those in Taylor for us to do other than conclude there was an abuse of discretion.
 
 
 13
 REVERSED and REMANDED for further proceedings consistent with this opinion.[4]
 
 
 
 [1]
 Fed.R.Crim.P. 35(b), prior to its amendment in 1987, read as follows:
 Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
 
 
 [2]
 Although Rule 35(b) requires the trial judge "to determine the motion within a reasonable time," we expressly declined in Taylor to set an arbitrary time limit and declare that exceeding it would be unreasonable per se
 
 
 [3]
 The defendant represented that he had been cooperative in providing the government information about the alleged criminal activities of an associate, but the government denied that such cooperation had occurred and the district court made no finding on the matter
 
 
 [4]
 No stay was granted on the release order, and Seltzer was in fact released on November 19, 1987, so he has an unexpired sentence to serve