872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvatore P. SCALISH, Defendant-Appellant.
 No. 88-3491.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1989.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Salvatore P. Scalish, a pro se federal prisoner, appeals from the denial of his motion to reduce his sentence filed under Fed.R.Crim.P. 35. Scalish entered a guilty plea to charges of involvement in a racketeering conspiracy and distribution of a Schedule I controlled substance. 18 U.S.C. Sec. 1962(d) and 21 U.S.C. Sec. 841(a)(1). He was sentenced to concurrent eight and five year terms and five years special parole. He based his motion to reduce his sentence on claims of disproportionality to the sentences received by allegedly more culpable co-defendants and of general hardship.
 
 
 4
 Upon consideration, we find no abuse of discretion in the denial of this motion to reduce sentence. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). A sentence within the statutory limits is not subject to appellate review. United States v. Tucker, 404 U.S. 443, 447 (1972). Moreover, it is noted that defendant received the sentence for which he bargained in his plea agreement. Defendant also argues on appeal that there are factual inaccuracies in his pre-sentence report and that a decision by the Parole Commission based on this report contravenes the intentions of the sentencing judge. However, defendant did not bring any factual inaccuracies in the report to the attention of the judge at sentencing, as required for a subsequent challenge to the report. Cf. United States v. Fry, 831 F.2d 664, 667-68 (6th Cir.1987). Furthermore, subsequent actions of the Parole Commission, whether or not in accordance with the trial judge's expectations, do not retroactively affect the validity of a final judgment. United States v. Addonizio, 442 U.S. 178, 188-90 (1979); United States v. Taylor, 768 F.2d 114, 121 (6th Cir.1985).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation