878 F.2d 1437
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Edward P. WOLFRAM, Jr., Defendant-Appellee.
 No. 88-4113.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1989.
 
 Before ENGEL, Chief Judge, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The United States appeals from an order entered in the United States District Court for the Northern District of Ohio denying its motion to reconsider an order modifying Edward Wolfram's sentence by effectively reducing it from twenty-five to ten years.
 
 
 2
 On April 5, 1983, a five count indictment was filed charging Edward Wolfram, Jr. with four counts of fraudulent securities transactions and one count of making false statements to the Securities and Exchange Commission. The indictment arose out of a massive securities fraud involving approximately $40,000,000.00 and some 7000 victims. Wolfram pleaded guilty to all five counts on April 8, 1983. The plea agreement filed on that date provided that Wolfram would cooperate with the government and, in exchange, that the government would agree to have Wolfram plead guilty to an indictment which carried a maximum prison term of twenty-five years. In addition the government agreed not make an "affirmative recommendation" as to sentencing. Wolfram was sentenced on September 6, 1983; he received five consecutive five-year sentences for a total of twenty-five years.
 
 
 3
 On November 14, 1983, Wolfram timely filed a motion to withdraw his pleas of guilty and for reduction of his sentence pursuant to Fed.R.Crim.P. 35(b). On July 30, 1984, the district court entered a Stipulation and Order overruling the motion to withdraw the pleas. Then, on August 27, 1984, the district court took the motion for reduction of sentence under advisement "until such time as the Court can assess the community and victim impact now pending in the Bankruptcy Court and related lawsuits ..."
 
 
 4
 In October of 1987, Wolfram filed a supplemental memorandum in support of his Rule 35(b) motion. A hearing was held on the issue on October 19, 1987, and on December 3, 1987, the district court issued a Memorandum and Order denying Wolfram's motion for reduction of sentence.
 
 
 5
 Wolfram filed a motion to reconsider the denial of his Rule 35(b) motion on December 7, 1987, and filed addenda to that motion on each of the next two days. The government opposed the motion. After a hearing was held on May 27, 1988, the district court filed a Memorandum and Order on August 18, 1988 which, inter alia, granted Wolfram's motion for reconsideration and modified the sentence by reducing the maximum term of imprisonment from twenty-five to ten years. On November 1, 1988, the district court denied a motion for reconsideration filed by the government. The government timely filed this appeal.
 
 
 6
 On appeal, the United States contends that, in reaching its decision, the district court abused its discretion for two reasons: (1) the court's decision, made more than four years and nine months after a timely Rule 35(b) motion had been filed, usurped the authority of the U.S. Parole Commission; and (2) the delay of four years and nine months between the timely filing of a Rule 35(b) motion and the reduction of the sentence was unreasonable per se.[1]
 
 
 7
 Without a doubt a trial court has the authority, acting upon a Rule 35(b) motion, to alter or amend a previously imposed sentence after a reasonable delay in which the trial court can better inform itself of the impact which the sentence imposed may have had upon the community and the victim. We do not doubt that those considerations might have been a proper basis for a reduction in the sentence imposed in this case or in some other appropriate case, provided that a decision was rendered within a "reasonable time" as required by Rule 35(b). Such considerations, however, cannot override or confer the authority upon the trial court to extend the period for decision upon a Rule 35(b) motion indefinitely, and most assuredly we are of the opinion that under no construction of Rule 35(b) can the delay of four years and nine months involved here be considered "reasonable." Cf. United States v. Taylor, 768 F.2d 114 (6th Cir.1985) (declining to reach question of whether an 18-month delay in deciding Rule 35(b) motion was unreasonable per se because of finding that district court had improperly substituted its judgment for that of the Parole Commission).
 
 
 8
 In addition, we are bound to note that the objective of the trial judge in withholding his decision appears to reflect a dissatisfaction with the subsequent decision of the Parole Board to set a presumptive parole date in October, 1993, a date well after that which the trial judge felt was appropriate. Thus, in granting defendant's motion to reduce the sentence, the trial judge stated:
 
 
 9
 Had the Parole Commission not blatantly disregarded this court's discretion and recommendation and parole estimate calculations in substituting its judgment as to parole, the dilemma herein would not have arisen. Had the Court been aware of that fact a different sentence might have been imposed.
 
 
 10
 Such motivation runs contrary, in the view of the court, to the position of the United States Supreme Court as expressed in United States v. Addonizio, 442 U.S. 178, 190 (1979), to the effect that the sentencing judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. Cf. United States v. Taylor, 768 F.2d at 119. Without expressing our agreement or disagreement with the comments of the trial judge concerning the action of the Parole Commission in this case, we must simply observe that the statutory scheme in effect at the time of the crime and sentence involved in this case did not permit a trial judge to employ Rule 35(b) for the purposes expressed by the court upon the record.[2]
 
 
 11
 Accordingly, the judgment of the district court is VACATED and set aside and the cause REMANDED for reinstatement of the original sentence.
 
 
 12
 MERRITT, Circuit Judge, dissenting.
 
 
 13
 I respectfully dissent from the majority's position that a delay of four years and nine months in granting a reduction in the sentence in this particular case is unreasonable per se. The initial sentence was 25 years in a securities fraud case. It was then reduced to 10 years. Under the new sentencing guidelines, the sentence would be much less than 10 years, probably 4 years depending on calculations concerning the size of the fraud and victim impact.
 
 
 14
 At oral argument government counsel conceded that the impact of this securities fraud was unknown at the initial sentencing. Counsel said that even today the full ramifications are not known. It is obvious that victim impact could not be determined at the time of sentencing. Throughout the proceedings, both those prior to sentencing and after the initial sentencing, the judge made clear his concern that the sentence should take into account the effect of the securities fraud on the community.
 
 
 15
 Prior to today, this Court wisely has refused to consider adopting a per se rule with regard to the time in which a Rule 35(b) motion must be decided. See United States v. Taylor, 768 F.2d 114, 118 (6th Cir.1985) (court declined to consider whether any delay of a particular duration in acting upon a Rule 35(b) motion is unreasonable per se ). The question of reasonableness should continue to depend upon the specific circumstances surrounding the delay in each particular case.
 
 
 16
 Here, the District Court advised the parties in August 1984 that the Rule 35(b) motion would be taken under advisement until such time as the court could assess community and victim impact. The government made no move to have the Rule 35(b) motion dismissed or decided earlier. It slept on its rights, and I would hold that its failure to object constitutes a waiver. Alternatively, the government's conduct should be held to equitably toll the running of the time period for reducing the sentence. I would not apply a rigid rule here.
 
 
 17
 I agree with our Court that the District Court's displeasure with the action of the Parole Commission is not a permissible reason for the reduction in sentence. The District Court's alternate reason is, however, a valid ground for sentence reduction, namely: the District Court's assessment of the crime in light of victim impact. I would therefore remand the case to the district judge for resentencing with instructions to the District Court not to take into account the action of the Parole Commission in setting a release date.
 
 
 
 [1]
 In 1983, when the motion for reconsideration of the sentence was filed, Fed.R.Crim.P. 35(b) read as follows:
 The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
 Fed.R.Crim.P. 35(b). In 1985, the rule was amended in relevant part by adding a new sentence before the last sentence which read: "The court shall determine the motion within a reasonable time." This change was to make the rule consistent with the interpretation most circuit courts had already placed on the rule. See Fed.R.Crim.P. 35 advisory committee's note. The parties agree that the rule as amended in 1985 applies in this case.
 
 
 [2]
 In its Memorandum and Order denying the government's motion to reconsider the reduction of Wolfram's sentence, the district court denied that it substituted its judgment for that of the Parole Commission. Yet, in light of the language in its earlier opinion, our concerns are not allayed by this statement