

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-1994

# USA v. Idone

Precedential or Non-Precedential:

Docket 94-1427

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation
"USA v. Idone" (1994). *1994 Decisions*. Paper 164.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-1427


UNITED STATES OF AMERICA

v.

SANTO IDONE,
a/k/a Sam,
a/k/a Sam from Chester,
a/k/a Papa,
a/k/a Big Santo

Santo Idone,

Appellant.


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 89-cr-00021-1)


Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 1994

Before: GREENBERG, ROTH and ROSENN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed   October 25, l994   )

Michael R. Stiles
United States Attorney
Eastern District of Pennsylvania
Walter S. Batty, Jr.
Assistant U.S. Attorney
Chief of Appeals
Joel M. Friedman
Assistant U.S. Attorney
Chief, Organized Crime Strike Force
Albert J. Wicks

Assistant U.S. Attorney
Deputy Chief, Organized Crime Strike Force
615 Chestnut Street
Philadelphia, PA 19106
          Attorneys for Appellee

John R. Carroll, Esquire
Carroll & Carroll
400 Market Street, Suite 850
Philadelphia, PA 19106
          Attorney for Appellant

OPINION OF THE COURT

ROTH, Circuit Judge:

## I.

Santo Idone ("Idone") was a "capo" or "captain" in the Mafia family, headed by the infamous Nicodemo Scarfo. On January 26, 1990, Idone was convicted of racketeering conspiracy (involving murder, extortion, loansharking and illegal gambling), racketeering, extortion and operating an illegal gambling business. Idone was sentenced on April 6, 1990, to twenty years imprisonment and began serving his prison sentence on or about April 20, 1990.

On February 17, 1992, Idone filed a motion for reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b).[1] On March 8, 1994, the district court granted Idone's motion and reduced his sentence to five and one half

---

1 Because Idone was convicted for conduct that occurred before November 1, 1987, we must look at Rule 35(b) as it was prior to its most recent amendments.

years imprisonment.  The United States of America ("the Government") petitioned for rehearing, and a hearing was held on March 10, 1994.  On April 5, 1994, the district court vacated its March 8, 1991, order because it found that it did not have jurisdiction over Idone's 35(b) motion.  In so holding, the court reasoned that the passage of twenty-five months from the filing of the motion to the entry of the court's March 8, 1991, order was not a "reasonable time" under Rule 35(b) within which to act on Idone's motion.

For the reasons stated herein, we agree with the district court's finding that it lacked jurisdiction to rule on Idone's motion for a reduction of his sentence.

## II.

On January 26, 1990, Idone was convicted of: racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); racketeering in violation of 18 U.S.C. § 1962(c) (Count Two); extortion, in violation of 18 U.S.C. § 1951 (Count Three); and operating an illegal gambling business, in violation of 18 U.S.C. § 1955 (Count Four).  Idone was sentenced on April 6, 1990, to a total of twenty years imprisonment and a $30,000 fine.  Idone began serving his prison sentence on or about April 20, 1990.

Idone's co-defendants, Mario Eufrasio and Gary Iacona, were convicted of similar offenses and sentenced to ten years and six years of imprisonment respectively.  During the

three year period following imposition of sentence, the district judge reduced the sentences of these co-defendants pursuant to Rule 35(b) motions.

On May 15, 1991, this Court affirmed Idone's convictions on direct appeal, and on October 21, 1991, the United States Supreme Court denied Idone's petition for writ of certiorari.  See United States v. Eufrasio, 935 F.2d 553 (3d Cir.), cert. denied, 112 S. Ct. 340 (1991).  119 days after the Supreme Court denied his petition--only one day before the expiration of the 120-day filing deadline--Idone filed a motion for reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b).  Idone's motion requested a reduction in his sentence because of his failing health and the hardship to his family caused by his wife's failing health.  In that motion, Idone also alleged that under existing United States Parole Commission Guidelines he would be likely to serve approximately thirteen years and four months of his twenty year sentence.  Idone, however, had waived parole consideration shortly after entering prison, so his thirteen year estimate was never substantiated.

On February 21, 1992, three days after the filing of his reduction motion, Idone made his first attempt to subpoena his medical records from the Federal Correctional Institution at Jesup, Georgia, where he was incarcerated.  The Bureau of Prisons did not produce Idone's medical records.  Defense counsel finally sought assistance from Government counsel and obtained the requested records on June 24, 1992.  Two months later, on August

21, 1992, defendant forwarded the records along with some additional materials to the court.

In the meantime, Idone developed prostate cancer and was transferred from Jesup to Springfield, Missouri, for medical treatment. On March 25, 1993, defense counsel subpoenaed Idone's medical records from Springfield and additional records from Jesup. Defense counsel received the requested records on April 2, 1993, and, after a further delay, forwarded them to the Government attorney on June 2, 1993, and to the court, along with other materials, on July 2, 1993. The Government responded to Idone's motion on September 23, 1993. On February 14, 1994, defense counsel submitted a letter to the court requesting a decision on Idone's motion.

On March 8, 1994, approximately twenty-five months after Idone filed his Rule 35(b) motion, the district judge granted the motion and reduced Idone's sentence from twenty years to five and one half years. As a result of that order, Idone became eligible for immediate release from prison.

The following day, the Government filed a motion for reconsideration of the district court's order, arguing for the first time that the district court lacked jurisdiction to decide Idone's motion. On March 10, 1994, the district court held a hearing on the Government's motion for reconsideration. At that hearing, the district judge commented that he had waited a significant amount of time before granting motions for

reduction of sentence for Idone's co-defendants Eufrasio and

Iacona:

> "because I wanted to see to it that they put
> in the length of time that I intended when I
> entered the sentences. Because at the time I
> didn't know what the Parole Board -- what
> release date would be set by the Parole
> Board. And I had always anticipated doing
> something on their behalf, and I sat and
> waited on those for a long time, too. And in
> this one [Idone's motion], I intended to do a
> similar act even on that basis, and didn't
> see the need to hurry, and didn't know there
> was a time limit."

Appendix ("App.") 371.[2]

Following the hearing, the court entered a stay of its prior order and directed the parties to submit briefs on the issue. On April 5, 1994, the district court vacated its prior order because it found that it did not have jurisdiction over Idone's Rule 35(b) motion. The court, citing United States v. Diggs, 740 F.2d 239, 245-46 (3d Cir. 1984), reasoned that the passage of twenty-five months from the filing of the motion to the entry of the court's reduction order was not a "reasonable time" under Rule 35(b), regardless of the reasons for that delay. Thus, Idone's original sentence was reinstated. Idone filed a timely appeal of the district court's decision. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

---

[2]  In the April 5, 1994, order, the court noted that the reduction in Idone's sentence was "consistent with and proportionate to reductions of sentence previously granted two of defendant's co-defendants in this case, and also consistent with the Court's judgment regarding the appropriate length of defendant's sentence, in light of defendant's actual involvement in the criminal activity which formed the basis of his conviction." App. 394.

We review the grant or denial of a motion for a reduction of sentence under Rule 35 for an abuse of discretion. See, e.g., Government of the Virgin Islands v. Gereau, 603 F.2d 438, 443 (3d Cir. 1979). In this case, however, the district court held that it lacked jurisdiction to decide Idone's motion for a reduction of sentence because it concluded, as a matter of law, that a delay of twenty-five months between the filing of the motion and the court's decision could not constitute a "reasonable time" under Rule 35(b), regardless of the reasons for the delay. We must review this legal conclusion under the plenary standard of review. See, e.g., Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 19 F.3d 125, 127 (3d Cir. 1994).

**III.**

The issue before us is whether the district court properly determined that it lacked jurisdiction over Idone's motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b). Rule 35(b), as applicable to offenses committed prior to November 1, 1987, provides:

> A motion to reduce a sentence may be made . . . within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction or probation

> revocation.  The court shall determine the
> motion within a reasonable time. . . .[3]

The Advisory Committee on Criminal Rules defined a "reasonable

time" as as long as a district court judge reasonably needs to

consider and act upon the motion.  It also explained that the

reasonableness of the time taken by the district court to act on

such motions must be appraised in light of the reasons for the

delay and the policies supporting the time limitations.  See also

United States v. Parrish, 796 F.2d 920, 923 (7th Cir. 1986).  The

two purposes of the policies supporting the time limitations are:

protecting "the district court from continuing and successive

importunities;" and assuring "that the district court's power to

reduce a sentence will not be misused as a substitute for the

consideration of the Parole Board."  United States v. Taylor, 768

F.2d 114, 118 (6th Cir. 1985) (quoting United States v.

Stollings, 516 F.2d 1287, 1289 (4th Cir. 1975)).

In United States v. Diggs, 740 F.2d 239 (3d Cir.

1984), we were faced with an issue similar to the one raised in

the present case.  Diggs filed a motion for reduction of sentence

pursuant to Rule 35(b) on December 26, 1979.  Diggs' motion was

not served on the Government or docketed until July 22, 1982,

approximately two and one half years after it was filed.  On the

day it was docketed, the district court granted Diggs' motion,

---

[3]     Although Rule 35(b) was amended in 1987 as part of the
Sentencing Reform Act of 1984, that amendment does not apply to
the present case because Idone's offenses were committed prior to
November 1, 1987.

without notice to the government or a hearing, reducing his ten year sentence to three and one half years and making him eligible for immediate release.  The government immediately moved to vacate the reduction order.  In granting the Government's motion to vacate, the court concluded that the passage of almost two and one half years between the filing of Diggs' motion and the court's order granting the reduction rendered the action inappropriate.  Although Diggs did not appeal the order, he filed a petition for habeas corpus questioning the court's vacatur of its prior order.  The district court dismissed the petition and Diggs appealed.

After finding that Diggs' claims were properly before the district court in a petition for habeas corpus, we held that two and one half years is not a reasonable time within which to decide a motion under Rule 35(b), no matter what the reason for the delay.  In so holding, we focused primarily on the dispersement of power between the judicial and executive branches with regard to determining the length and circumstances of an individual criminal's punishment.  We explained that:

> the 120-day time limit serves chiefly to
> ensure that the power to reconsider
> sentencing decisions sensibly conferred on
> the district court by Congress and the
> Supreme Court via rule 35(b) does not become
> a tool for overruling the Parole Commission
> after that body, in consonance with the
> Parole Commission and Reorganization Act,

> determines the likely release date of the criminal.[4]

Id. at 246.  Moreover, we noted that the district court in Diggs had been in a position to second-guess the Parole Commission and had in fact done so when it initially granted Diggs' motion for a reduction of sentence.  We concluded that a reasonable time does not give courts "a license to wait and reevaluate the sentencing decision in the light of subsequent developments."  Id. at 247.  Thus, we held that Rule 35(b) does not countenance a two and one half year delay and found that the district court's vacatur of its prior order granting Diggs' Rule 35(b) motion gave proper regard to the "separation of powers" concerns underlying the 120-day time limit on Rule 35(b) motions.

      The present case is analogous to Diggs in that the twenty-five month delay between the filing of Idone's motion for reduction of sentence and the district court's original grant of that motion is not a reasonable time under Rule 35(b).  Id. at 245-47; see also Taylor, 768 F.2d at 118 ("[W]e do question

---

[4]  Although at the time of the Diggs decision Rule 35(b) did not explicitly provide a reasonable time beyond 120-days for a district court to decide a motion for reduction of sentence, we followed our precedent on this issue, which held that district courts retained jurisdiction over motions for a reduction of sentence for a "reasonable time" after the 120-day period specified by Rule 35(b).  Diggs, 740 F.2d at 245-46 (citing United States v. Janiec, 505 F.2d 983, 984-85 n.3 (3d Cir. 1974), cert. denied, 420 U.S. 948 (1975)).  Rule 35(b) was subsequently amended in 1985 to clarify that district courts are permitted to take a reasonable time to decide motions for reduction of sentence.

whether an 18-month delay . . . could be considered reasonable under any set of circumstances that we have been able to imagine."); United States v. Smith, 650 F.2d 206, 209 (9th Cir. 1981) (delays in ruling on motions for reduction of sentence ranging from 12 months to 42 months were not reasonable).  As explained in Diggs, the reasonable time limitation was intended to prevent courts from usurping the role of the Parole Board by sitting back and waiting to see what action the Parole Board would take before ruling on motions for reduction of sentence. However, that is exactly what the district court originally attempted to do in this case.  At the March 10, 1994, hearing, the district judge declared that he waited a significant amount of time before granting the motions for reduction of sentence for Idone's co-defendants "because I wanted to see to it that they put in the length of time that I intended when I entered the sentences.  Because at the time I didn't know what the Parole Board -- what release date would be set by the Parole Board.  And I had always anticipated doing something on their behalf, and I sat and waited on those for a long time, too.  And in this one [Idone's motion], I intended to do a similar act even on that basis . . .."  App. 371.  This wait and see approach is precisely the type of conduct that we condemned in Diggs.  Diggs, 740 F.2d at 246-47 ("The 'reasonable time' contemplated by Janiec and Gereau is a reasonable time to decide the issue presented by the

rule 35 motion, not a license to wait and reevaluate the sentencing decision in the light of subsequent developments.").

Idone argues that the district court could not have usurped the power of the Parole Board in this case because the Board never took action with respect to Idone. This argument is without merit. As the Sixth Circuit in Taylor recognized, "it is not necessary that a district judge deliberately override a decision of the Parole Commission to impermissibly usurp the Commission's role." Taylor, 768 F.2d at 118. In Taylor, the district court delayed acting on Taylor's motion for a reduction of sentence in order to consider developments that had occurred subsequent to sentencing, including Taylor's behavior in prison. In holding that the district court abused its discretion in granting Taylor's motion eighteen months after it was filed, the Sixth Circuit found that a district court does not retain jurisdiction over a Rule 35(b) motion where the delay is "allowed by the court for a purpose in contravention of the rule." Id. at 118. As in Taylor, the action by the district court in this case of waiting to see what the Parole Board would do is in contravention of Rule 35(b), even if the court eventually decided the motion before the Board took any action.

Idone also argues that the 1985 amendment to Rule 35(b) deleted the jurisdictional requirement of the rule as long as a motion for reduction is filed within the 120-day period. Idone, however, misses the point of the 1985 amendment. That

amendment was adopted to resolve a split in the circuits over whether a court could retain jurisdiction over a Rule 35(b) motion beyond 120 days:  the majority of circuits (including the Third Circuit) had held that a court's jurisdiction extended for a reasonable time beyond 120 days, see, e.g., United States v. DeMier, 671 F.2d 1200 (8th Cir. 1982); whereas the Seventh Circuit held that the district court's jurisdiction ended after the 120th day, see United States v. Kajevic, 711 F.2d 767 (7th Cir. 1983), cert. denied, 464 U.S. 1055 (1984).  The 1985 amendment adopted the position of the majority of circuits, specifying that district courts "shall determine the motion within a reasonable time."  That position clearly holds that the failure of a district court to act on motions for reduction of sentence within a reasonable time is jurisdictional.[5]  Thus, this Court's jurisdictional treatment of the reasonable time limitation was embraced by the 1985 amendment, rather than deleted.

---

[5]  Although the Diggs decision did not explicitly state that district courts lose their jurisdiction over Rule 35(b) motions after the passage of a reasonable time, it certainly implies as much.  See also Smith, 650 F.2d at 209 ("To the extent that the delays were 'unreasonable,' therefore, the district court was deprived of jurisdiction to consider them."); United States v. Mendoza, 581 F.2d 89, 90 (5th Cir. 1978) (district court retains jurisdiction for reasonable time after expiration of 120 days); Stollings, 516 F.2d at 1288 ("We hold that jurisdiction is not lost . . . at least for so long as the judge reasonably needs time to consider and act upon the motion.").  It is significant to note that the Smith and Stollings decisions were cited in the Advisory Committee's notes with respect to the 1985 amendment with approval.

In further support of his position, Idone cites United States v. House, 808 F.2d 508, 509 (7th Cir. 1986), in which the Seventh Circuit maintained that Rule 35(b), after the 1985 amendment, "does not state a jurisdictional limit for the court's decision."  That statement, however, is dictum because the government in House did not even assert that the district court lacked jurisdiction over House's motion for a reduction of sentence.  Id. at 509 (recognizing that "[i]f the government is not concerned about the time the district court takes [to act on a motion for a reduction of sentence], an appellate court should not be concerned either").  Accordingly, Idone's argument that the 1985 amendment to Rule 35(b) deleted the jurisdictional requirement of the rule is without merit.

Accordingly, we hold that if a district court fails to decide a motion for a reduction of sentence under Rule 35(b) within a reasonable time, the court loses jurisdiction. Because twenty-five months is not a reasonable time, the district court properly held that it was without jurisdiction to rule on Idone's motion for a reduction of sentence.

## IV.

For the reasons stated above, the district court was correct in holding that it was without jurisdiction to decide Idone's motion for a reduction of sentence because the twenty-five month period which elapsed between the filing of the motion and the court's decision was not a "reasonable time" under Federal Rule of Criminal Procedure 35(b). The judgment of the district court will be affirmed.